UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMY PHILLIPS,<br><br>       Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>       Defendant. | Civil Action No. 22-277 (JEB) |

**DEFENDANT'S AFFIRMATIVE DEFENSES
AND ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant the District of Columbia (the District) answers and asserts affirmative defenses to plaintiff's Complaint as follows:

**DEFENSES**

The District asserts and preserves the defenses listed below based on information currently available, and reserves the right to withdraw these defenses or assert additional defenses as additional information becomes available.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Complaint fails to allege facts to establish municipal liability under 42 U.S.C. § 1983.

**THIRD DEFENSE**

The District acted at all times consistently with all applicable laws, rules, regulations, constitutional provisions, and standards of care.

**FOURTH DEFENSE**

The District of Columbia, its agents, servants, and employees, acting within the course and scope of their employment, have performed their obligations, if any, toward the plaintiff in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

**FIFTH DEFENSE**

The District of Columbia, its agents, servants, and employees, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

**SIXTH DEFENSE**

Plaintiff's claims against the District of Columbia are barred by sovereign immunity.

**SEVENTH DEFENSE**

Attorney's fees and costs are not recoverable against the District in this case.

**EIGHTH DEFENSE**

Plaintiff is not entitled to any declaratory or equitable relief, as requested in this Complaint, because the District has not violated any statutory or constitutional rights.

**NINTH DEFENSE**

The equitable and declaratory relief requested by plaintiff exceeds the scope of her claims.

**TENTH DEFENSE**

Plaintiff has not suffered any monetary or financial loss for which she can assert a claim for compensatory or other damages. Alternatively, plaintiff failed to mitigate any alleged damages.

**ELEVENTH DEFENSE**

The District denies all allegations of wrongdoing including, but not limited to, any alleged violations of statutory law, and further denies that plaintiff is entitled to any relief.

## TWELFTH DEFENSE

Because plaintiff has alleged no adequate concrete injury, traceable to the District and remediable by this Court, plaintiff lacks standing to maintain this action and it should be dismissed.

## THIRTEENTH DEFENSE

The doctrines of waiver, estoppel, unclean hands, and laches equitably bar plaintiff from seeking the relief sought in the Complaint.

## ANSWER TO THE COMPLAINT[1]

The District asserts that any averment not specifically admitted in this Answer is denied and responds to the individually-numbered paragraphs of the Complaint as follows.

1. The District denies the allegations in this paragraph.

## PARTIES

2. The District lacks sufficient information to admit or deny the allegations in this paragraph.

3. The District admits the allegations in the first sentence of this paragraph. The second sentence of this paragraph is a legal conclusion; to the extent a response is required, the District denies those allegations.

## JURISDICTION AND VENUE

4. The paragraph consists of legal conclusions; to the extent a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

---

[1] Headings and subheadings are provided to correspond to the Complaint solely for ease of reference in reviewing the Answer. The District denies all statements in the Complaint's headings and subheadings.

## PHILLIPS'S EARLY ADVOCACY

5. The District lacks sufficient information to admit or deny the allegations in this paragraph.

6. The District lacks sufficient information to admit or deny the allegations in this paragraph.

7. The District admits the allegations in this paragraph.

8. The District admits the allegations in the first sentence of this paragraph. The District denies the allegations in the second sentence given plaintiff's characterization of Adverse Action Hearings. The District lacks sufficient information to admit or deny the allegations in the third sentence in this paragraph.

9. The District admits that plaintiff filed FOIA requests seeking various documents relating to the purported use of the term "zero-tolerance policing" and relating to the Gun Recovery Unit, the Narcotics and Special Investigations Division, and Crime Suppression Teams. The District lacks information sufficient to admit or deny the remaining allegations in this paragraph.

10. The District lacks sufficient information to admit or deny the allegations in this paragraph.

## THE LOJOCANO ADVERSE ACTION HEARING AND
## MPD'S SUSPICIOUS RESPONSE TO FOIA REQUESTS

11. The District lacks sufficient information to admit or deny the allegations in this paragraph.

12. The District denies the allegations in this paragraph.

13. The District admits the allegations in this paragraph.

14. The District lacks sufficient information to admit or deny the allegations in this paragraph.

15. The District admits that the Administrative Rules of Conduct and Procedures for Adverse Action Hearings provide that "All electronic devices in the hearing and viewing rooms, including audio, video, computers, tablets, or cellular phones must be powered off entirely. Photography and any recordings are strictly prohibited."

16. The District admits that some or all of the Adverse Action Hearing of former Officer Sean Lojocano held in May 2019 was recorded electronically and that some or all of the electronic recording was used to create a written transcript.

17. The District lacks sufficient information to admit or deny the allegations in this paragraph.

18. The District lacks sufficient information to admit or deny the allegations in this paragraph.

19. The District admits the allegations in this paragraph.

20. The District denies the allegations in this paragraph.

21. The District admits the allegations in this paragraph.

22. The District admits the allegations in the first sentence of this paragraph. The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

23. The District states that the response referenced in this paragraph is the best evidence of its contents and denies all other characterizations.

24. The District lacks sufficient information to admit or deny the allegations in this paragraph.

25. The District denies the allegations in this paragraph, to the extent it contains characterizations as to what is "permitted by D.C. law."

26. The District states that the document referenced in this paragraph is the best evidence of its contents and denies all other characterizations.

27. The District states that the email referenced in this paragraph is the best evidence of its contents and denies all other characterizations.

28. The District lacks sufficient information to admit or deny the allegations in this paragraph.

29. The District states that the complaint referenced in this paragraph is the best evidence of its contents and denies all other characterizations.

30. The District states that the article referenced in this paragraph is the best evidence of its contents and denies all other characterizations.

31. The District admits the allegations in this paragraph.

32. The District lacks sufficient information to admit or deny whether "Phillips believed the [the redactions] were unwarranted." The District admits the remaining allegations in this paragraph.

33. The District admits the allegations in this paragraph.

**A WHISTLEBLOWER COMES FORWARD**

34. The District lacks sufficient information to admit or deny the allegations in this paragraph.

35. The District admits that Ms. Parker has a hire date with MPD of October 1, 1995, that Ms. Parker held the rank of Commander from January 7, 2015, to December 22, 2016, and that Ms. Parker held the rank of Inspector from December 23, 2016, until her retirement on January 18, 2020.

36. The District denies the allegations in this paragraph.

37. The District denies the allegations in the first sentence in this paragraph. The District admits the remaining allegations in this paragraph.

## MPD WATCHLIST POLICY

38. The District denies that the allegations in this paragraph describe the "ordinary" process for responding to FOIA requests.

39. The District denies the allegations in this paragraph.

40. The District lacks sufficient information to admit or deny the allegations in this paragraph.

41. The District lacks sufficient information to admit or deny the allegations in this paragraph.

42. The District denies the allegations in this paragraph to the extent they are alleging that the District assessed FOIA requests for whether they "may lead to criticism of [MPD]" or had "the potential to embarrass [MPD]." The District also denies the allegations in this paragraph to the extent they are alleging that the District treated FOIA requests differently based on the identity of the individual submitting the FOIA request.

43. The District denies the allegations in the second sentence of this paragraph. The District admits that Ms. Vendette Parker, in her role as MPD's FOIA officer, provided regular updates to her superior, Ms. Leann Turner, regarding FOIA requests that MPD had recently received. The District specifically denies the allegations in the first sentence to the extent they are alleging that former MPD Chief Peter Newsham had any direct or regular involvement in MPD's responses to FOIA requests.

44. The District denies the allegations in the second sentence of this paragraph. The District admits that Ms. Parker and Ms. Turner had a regularly scheduled meeting to discuss MPD's responses to pending FOIA requests.

45. The District lacks sufficient information to admit or deny the allegations in this paragraph.

46. The District lacks sufficient information to admit or deny the allegations in this paragraph.

47. The District lacks sufficient information to admit or deny the allegations in this paragraph.

48. The District lacks sufficient information to admit or deny the allegations in this paragraph.

49. The District denies the allegations in this paragraph.

50. The District lacks sufficient information to admit or deny the allegations in this paragraph.

51. The District lacks sufficient information to admit or deny the allegations in this paragraph. The District specifically denies the allegations in this paragraph to the extent they are alleging that former Chief Newsham had any direct or regular involvement in MPD's responses to FOIA requests.

52. The District denies the allegations in this paragraph.

### THE WATCHLIST POLICY IN ACTION

53. The District denies the allegations in this paragraph.

54. The District denies the allegations in this paragraph.

55. The District denies the allegations in this paragraph.

56. The District states that the Neighborhood Engagement Achieves Results (NEAR) Act of 2016 is the best evidence of its contents and denies all other characterizations.

57. The District lacks sufficient information to admit or deny the allegations in this paragraph.

58. The District denies the allegations in this paragraph.

59. The District denies the allegations in this paragraph.

60. The District denies the allegations in this paragraph.

61. The District lacks sufficient information to admit or deny the allegations in this paragraph.

62. The District lacks sufficient information to admit or deny the allegations in this paragraph.

63. The District lacks sufficient information to admit or deny the allegations in this paragraph.

64. The District denies the allegations in this paragraph.

65. The District lacks sufficient information to admit or deny the allegations in this paragraph.

66. The District lacks sufficient information to admit or deny the allegations in this paragraph.

67. The District lacks sufficient information to admit or deny the allegations in this paragraph.

68. The District denies the allegations in this paragraph.

69. The District lacks sufficient information to admit or deny the allegations in this paragraph.

70. The District denies the allegations in this paragraph.

71. The District denies the allegations in this paragraph.

72. The District denies the allegations in this paragraph.

73. The District admits that Eric Flack submitted a FOIA request to MPD in 2018. The District denies the remaining allegations in this paragraph.

74. The District lacks sufficient information to admit or deny the allegations in this paragraph.

75. The District denies the allegations in this paragraph.

76. The District denies the allegations in this paragraph.

77. The District lacks sufficient information to admit or deny the allegations in the first sentence in this paragraph. The District admits that Marina Marraco submitted a FOIA request to MPD concerning an incident in 2018. The District denies the allegations in the third sentence in this paragraph.

78. The District lacks sufficient information to admit or deny the allegations in this paragraph.

79. The District denies that Ms. Turner "perceive[d] a potential for embarrassment." The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

80. The District lacks sufficient information to admit or deny the allegations in the first sentence in this paragraph. The District denies the remaining allegations in this paragraph.

81. The District denies the allegations in this paragraph.

## HARM TO PHILLIPS

82. The District denies the allegations in this paragraph.

83. The District denies the allegations in this paragraph.

84. The District denies the allegations in this paragraph.

85. The District denies the allegations in this paragraph.

86. The District denies the allegations in this paragraph.

87. The District denies the allegations in this paragraph.

88. The District denies the allegations in this paragraph.

89. The District lacks sufficient information to admit or deny the allegations in this paragraph.

90. The District denies the allegations in this paragraph.

## COUNT I

91. The paragraph consists of legal conclusions; to the extent a response is required, the District denies the allegations in this paragraph.

92. The paragraph consists of legal conclusions; to the extent a response is required, the District denies the allegations in this paragraph.

93. The paragraph consists of legal conclusions; to the extent a response is required, the District denies the allegations in this paragraph.

94. The paragraph consists of legal conclusions; to the extent a response is required, the District denies the allegations in this paragraph.

95. The paragraph consists of legal conclusions; to the extent a response is required, the District denies the allegations in this paragraph.

96. The paragraph consists of legal conclusions; to the extent a response is required, the District denies the allegations in this paragraph.

97. The paragraph consists of legal conclusions; to the extent a response is required, the District denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The District denies that plaintiff is entitled to any equitable or monetary relief, including any form of relief sought in this section or elsewhere. The District requests judgment in its favor and such additional relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

The District demands a jury trial on all issues and claims triable by jury in this case.

Dated: May 16, 2022.        Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ Fernando Amarillas
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General

/s/ Richard P. Sobiecki
RICHARD P. SOBIECKI [500163]
PAMELA A. DISNEY [1601225]
AMANDA PESCOVITZ [1735780]*
Assistant Attorneys General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
(202) 805-7512
richard.sobiecki@dc.gov

*Counsel for Defendant*

---

* Admitted to the Bar under D.C. App. R. 46-A (Emergency Examination Waiver). Practicing under the direct supervision of Fernando Amarillas, a member of the D.C. Bar, pursuant to D.C. App. R. 46-A(d)(2).