UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMY PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action No. 22-277 (JEB) |

### MEMORANDUM OPINION

Plaintiff Amy Phillips filed this action against the District of Columbia, alleging that the Metropolitan Police Department plays favorites in how it responds to requests for information under the local Freedom of Information Act. She asserted that the District has a policy of subjecting requests from critics of MPD to special review, which leads to response delays and denials in violation of the First Amendment. The city responded with a motion to dismiss, which the Court denied. Now, after the scheduling-order deadline for the parties to amend their pleadings has come and gone, Plaintiff seeks to add a new cause of action — a policy-or-practice claim under D.C. FOIA — and a handful of factual allegations. As the District does not oppose adding those factual allegations, the Court will grant Plaintiff's Motion in that limited respect. It will otherwise deny the Motion, however, because Phillips was not diligent in pursuing her new claim, which she could have brought at the case's inception or else before the deadline.

**I.  Background**

Because Defendant does not oppose Plaintiff's additions to the factual allegations, the Court draws the facts from the proposed Amended Complaint.

1

Phillips, who is a criminal-defense attorney and an "outspoken critic of MPD," has been submitting D.C. FOIA requests for information about MPD since 2018. See ECF No. 28-1 (Proposed Am. Compl.), ¶¶ 2, 5–10. She has "often" used the information she received through those requests to "publicly scrutinize" and "criticize" MPD. Id., ¶¶ 2, 6, 10.

The events leading to this lawsuit began in March 2019, when Phillips submitted a FOIA request for tapes and transcripts of a former officer's disciplinary proceedings. Id., ¶¶ 11–21. MPD initially denied her request in full but, following an administrative appeal and a suit in D.C. Superior Court, ultimately produced responsive documents. Id., ¶¶ 23, 25–32. In early 2020, Plaintiff began communicating with Vendette Parker, a recently retired MPD FOIA officer, who alerted her to the Department's "watchlist policy," which singles out for "special treatment" FOIA requests — like her March 2019 request — from MPD critics. Id., ¶¶ 34, 36, 39, 42–43. Such requests, according to Parker, were flagged for higher-up officials and often "delay[ed]." Id., ¶¶ 43–45, 53, 84–86.

In February 2022, Plaintiff brought this lawsuit against the District, alleging that it violates the First Amendment by "maintain[ing] a policy of delaying, burdening, or denying FOIA requests on the basis of the content and viewpoint" of requesters' speech. See ECF No. 1 (Compl.), ¶ 91; see also id., ¶¶ 91–97. She sought injunctive and declaratory relief, as well as an award of nominal damages. Id. at 19. The District responded with a motion to dismiss, asserting several deficiencies, including that Phillips lacked standing and had failed to state a claim for relief. See ECF No. 9-1. The Court denied that motion, explaining that Plaintiff's pending FOIA requests sufficed for standing and that none of Defendant's substantive arguments for dismissal prevailed. Phillips v. Dist. of Columbia, No. 22-277, 2022 WL 1302818 (D.D.C. May 2, 2022).

In June 2022, the Court issued a Scheduling Order setting November 18, 2022 — a date the parties proposed — as the deadline for both sides to seek leave to amend their pleadings and for substantial completion of document production. See ECF No. 22. Discovery began but proved more voluminous than anticipated, and, in early November, the parties requested an extension of the November 18, 2022, deadline. See ECF No. 26. The Court accordingly extended it until February 17, 2023, as they sought. See Minute Order of November 14, 2022.

Despite that deadline's expiration, on May 17, 2023, Plaintiff filed the present Motion, seeking to amend her Complaint to add both a new count and a few factual allegations. See ECF No. 28 (Pl. Mot.). Her new cause of action alleges that the District "maintains a policy or practice of violating the timing requirements" of D.C. FOIA insofar as its watchlist policy "adds unnecessary, unjustified delays to the response times for the affected requests, systematically delaying responses beyond the deadlines imposed by FOIA, and delaying them weeks, months, or years beyond when the responses would otherwise be provided to requestors." Proposed Am. Compl., ¶¶ 106–07. She seeks declaratory relief. Id. at 22.

To justify her untimely attempt to add a new count, Plaintiff asserts that her proposed policy-or-practice claim is "based on facts newly disclosed during discovery." Pl. Mot. at 1; see id. at 7–10. She insists, moreover, that the amendment would not prejudice Defendant because "[t]he new cause of action concerns the same policy that was already at issue in the [First Amendment] claim." Id. at 10. As a "courtesy" to Plaintiff, the District consents to her adding and amending factual allegations, but it opposes adding a new count at this late juncture. See ECF No. 32 (Def. Opp.) at 1 & n.1.

## II.     Legal Standard

A plaintiff may amend her complaint once as a matter of course within 21 days of serving it or within 21 days of the filing of a responsive pleading. See Fed. R. Civ. P. 15(a)(1). Otherwise, she must seek consent from the defendant or leave from the court. See Fed. R. Civ. P. 15(a)(2). When a plaintiff seeks leave to amend her complaint before any deadline for amendment set in a court's scheduling order, the familiar Rule 15(a)(2) standard applies. "The court should freely give leave when justice so requires." Id. In this Circuit, "it is an abuse of discretion to deny leave to amend" under Rule 15 "unless there is sufficient reason." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Leave is accordingly granted "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman, 371 U.S. at 182. Furthermore, under Rule 15, "the non-movant generally carries the burden in persuading the court to deny leave to amend." Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004).

A plaintiff seeking to amend her complaint after the scheduling-order deadline for amendment has passed, however, must satisfy Rule 16's more stringent standard. See Fed. R. Civ. P. 16(b)(4); see also Lurie v. Mid-Atl. Permanente Med. Grp., P.C., 589 F. Supp. 2d 21, 23 (D.D.C. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the [Rule 16] standard must be satisfied to justify leave to amend the pleadings.") (citation omitted); A Love of Food I, LLC v. Maoz Vegetarian USA, Inc., 292 F.R.D. 142, 143–44 (D.D.C. 2013) (collecting cases applying Rule 16 in this circumstance). Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The plaintiff bears the burden to

4

show "good cause for [her] failure to amend before the deadline." Valle v. Karagounis, No. 19-3764, 2020 WL 5505299, at *2 n.1 (D.D.C. Sept. 11, 2020). To do so, she "must show both diligence and a lack of prejudice to the opposing part[y]." In re Papst Licensing GmbH & Co. KG Litig., 762 F. Supp. 2d 56, 59 (D.D.C. 2011).

Only if the court finds good cause to modify its schedule under Rule 16 does it consider if leave to amend is also appropriate under Rule 15's "more liberal standard." Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 & n.1 (3d Cir. 2020); see 6A C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1522.2 (3d ed. 2016) ("[T]he Rule 16(b) standard . . . must be satisfied before determining whether an amendment should be permitted under Rule 15.").

**III. Analysis**

The District offers a panoply of reasons to reject Plaintiff's attempt to add a policy-or-practice claim to her Complaint: her amendment is too late, too inexcusable, too prejudicial, too novel, too intrusive, and too futile. See Def. Opp. at 1. More specifically, Phillips cannot show good cause under Rule 16, the city says, because she has not been diligent and her amendment would prejudice the District. Id. at 7–19. And even if she could, Defendant continues, leave to amend would not be warranted under Rule 15 because her policy-or-practice claim would not survive a motion to dismiss. Id. at 21–42. Both parties raise interesting arguments about the viability of a FOIA policy-or-practice claim under District law and whether this Court — as opposed to a D.C. court — should be the one to decide if such a claim is cognizable. But the Court need not address those contentions or even decide whether Plaintiff's amendment would in fact prejudice the District. Considering that Phillips could have brought her policy-or-practice claim from the outset or certainly before the amendment deadline, the Court finds inescapable the conclusion that she has not acted diligently. She has, therefore, failed to show good cause

5

under Rule 16.  United States v. Kellogg Brown & Root Servs., Inc., 285 F.R.D. 133, 136 (D.D.C. 2012) ("If the party was not diligent, the inquiry should end.") (citation omitted).

To evaluate whether a plaintiff acted diligently, the court "focus[es] on the reasons the plaintiff has given for his delay instead of the substance of the proposed amendment." Lurie, 589 F. Supp. 2d at 23.  Phillips gives only one reason for her delay: her "factual basis for asserting the policy-or-practice cause of action" emerged after the amendment deadline.  See Pl. Mot. at 2; see also id. at 7–10.  That excuse is factually unfounded.

To start, Phillips had all the "factual basis" she needed to assert a policy-or-practice cause of action at this case's inception, thanks to her own experiences and the information she learned from Parker.  That much is evident from her original Complaint, which alleged that the District has a policy of subjecting certain FOIA requests to extra review, which regularly results in response delays.  See Compl., ¶ 1 (the District "maintains a list of people whose [FOIA] requests . . . are set aside for special review" and "may have their requests delayed"); id., ¶¶ 38–52 (under "MPD's [w]atchlist [p]olicy," FOIA requests from people on MPD's "watchlist" receive "special treatment"); id., ¶ 53 (between 2017 and 2019, "MPD delayed, denied, or improperly altered approximately 20 requests pursuant to the watchlist policy"); id., ¶ 81 ("Pursuant to the [watchlist] policy, . . . requesters on the watchlist always at least experience a delay in their requests while the department prepares for any criticism that may result.").  Indeed, the District's policy of delaying responses to FOIA requests from MPD critics was a factual basis for Plaintiff's First Amendment count.  Id., ¶ 91 (alleging that District "maintains a policy of delaying . . . FOIA requests" from MPD critics in violation of First Amendment).  There is no reason Phillips could not have alleged then, as she seeks to now, that the very same policy violates D.C. FOIA.  See Proposed Am. Compl., ¶¶ 106–07.  That is just a "legal variation[] on

6

[the] theme the parties ha[ve] been litigating" all along. Kmak v. Am. Century Cos., 873 F.3d 1030, 1034 (8th Cir. 2017).

Phillips resists the notion that she could have brought a policy-or-practice claim before the Court's amendment deadline, let alone at the outset of the case. Specifically, she insists that her policy-or-practice claim depends on information contained in a spreadsheet that the District did not produce until March 17, 2023. See Pl. Mot. at 7–10; ECF No. 36 (Pl. Reply) at 3–7. According to Plaintiff, it was only from that spreadsheet, which "detail[s] Defendant's responses to every FOIA request it received over a nearly four-year period," that she "learned that the [watchlist] practice . . . created widespread delays in violation of FOIA." Pl. Mot. at 4, 10. Her new policy-or-practice claim, she says, is thus "based on facts newly disclosed during discovery" and after the amendment deadline. Id. at 1; see id. at 7–10. That argument falls short for two reasons.

First, even if Phillips did not have access to four years of data on MPD FOIA requests until March 17, 2023, she acknowledges that she was previously "aware of individual requests" subject to the watchlist — her own and several that Parker identified — "that had suffered delays." Id. at 10. She had enough information, moreover, in February 2022 to allege that "[p]ursuant to the [watchlist] policy, . . . requesters on the watchlist always at least experience a delay." Compl., ¶ 81 (emphasis added). It is difficult to square that allegation in her original Complaint with her representation that she only just "learned" that the watchlist policy "created widespread delays in violation of FOIA." Pl. Mot. 10. All the more so given that Plaintiff filed a brief in D.C. Superior Court in a similar suit back in May 2021 arguing that "MPD is currently violating FOIA" by delaying responses to her request and "a similar request" for months. See

7

Pl.'s Opp. to Def.'s Second Mot. for Summ. J. at 30, Phillips v. Dist. of Columbia, No. 2019-4054-B (D.C. Super. Ct. May 10, 2021).

To be sure, the March 17 spreadsheet may contain new information that supports a policy-or-practice claim. For instance, Phillips asserts that it "allowed [her] to begin to quantify the ways in which the watchlist policy led to systemic delays that violated FOIA's timing requirements." Pl. Mot. at 10. But Plaintiff has not shown that the information in it was "essential to [her] ability to bring the new claim[]." Richardson v. Yellen, 323 F.R.D. 444, 447 (D.D.C. 2018) (emphasis added) (cleaned up); see Hudson v. Am. Fed'n of Gov't Emps., 2019 WL 3533602, at *4 (D.D.C. Aug. 2, 2019) (even under Rule 15's more liberal standard, "the clock measuring delay . . . starts to run when a plaintiff possesses a sufficient factual basis to assert a count" and "does not reset every time he later learns of some fact that may provide additional support for his argument").

To the extent that Phillips means to suggest that she could not have pleaded "sufficient factual matter, accepted as true," to state a policy-or-practice claim under D.C. FOIA without the information in the March 17 spreadsheet, the Court is unconvinced. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint need not contain "detailed factual allegations," but must only set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Phillips did not need four years' worth of data to set forth adequate factual content. Indeed, as the District points out, a cursory review of the proposed Amended Complaint indicates that her new cause of action does not in fact depend on the data in the March 17 spreadsheet. The Amended Complaint does not even reference the spreadsheet and appears to include only a handful of factual allegations based on data in it. See Proposed Am.

8

Compl., ¶¶ 86–87. While the data might well strengthen a summary-judgment brief, that is not the standard for amending a complaint.

Second, even if Plaintiff did need data from the District on its responses to FOIA requests subject to the watchlist policy in order to bring a policy-or-practice claim, Defendant correctly observes that she had access to such data — albeit in multiple spreadsheets — before the amendment deadline. See Def. Opp. at 12–13. The District began producing spreadsheets detailing its responses to FOIA requests in November 2022. Id. at 3–4. When Phillips subsequently asked it to "generate a single export with all fields over the time period relevant to our case, rather than producing them piecemeal," she acknowledged that the District had already produced at least three "summary spreadsheets with data on the status or disposition of FOIA requests within specified time periods." ECF No. 32-2 (Mar. 15, 2023, Email from A. Hrom to M. Kelley) at 2–3. Plaintiff rejoins that those summary spreadsheets were "radically narrower" than the March 17 spreadsheet in that they covered shorter time periods and included fewer details about each request. See Pl. Reply at 5. That may be so, but Phillips fails to explain why they did not provide a sufficient factual basis for her new claim, even if they were not as helpful or comprehensive as the March 17 spreadsheet. At a minimum, the city correctly suggests that if Plaintiff needed more time to review the summary spreadsheets or to calculate the District's response times based on the data in them, she could have asked to extend the amendment deadline. See Def. Opp. at 13; Allen v. Brown Advisory, LLC, 41 F.4th 843, 853 (7th Cir. 2022) ("[A] plaintiff is not diligent when he in silence watches a deadline pass even though he has good reason to . . . seek an extension of the deadline.").

Since Phillips knew the core basis for the cause of action she currently seeks to add before the amendment deadline, she has not acted diligently in attempting to do so three months

after the deadline has passed.  Wallace v. AlliedBarton Sec. Servs., LLC, 309 F.R.D. 49, 53 (D.D.C. 2015) (plaintiff was not diligent where she could have brought "her claims under the [new cause of action] originally"); In re Papst, 762 F. Supp. 2d at 59–60 (plaintiff was not diligent where she "knew about . . . and mentioned the [necessary] fact in a hearing before the Court" over a year before she filed her motion to amend); see Parker v. Columbia Pictures Indus., 204 F.3d 326, 341 (2d Cir. 2000) (plaintiff was not diligent where he had access to information needed for new claim "prior to and throughout the course of this litigation"); see also LaPrade v. Abramson, 2006 WL 3469532, at *4 (D.D.C. Nov. 29, 2006) (denying motion under Rule 15 where "plaintiff was aware of the facts giving rise to the cause of action before filing the complaint that she now wishes to amend"); Williams v. Savage, 569 F. Supp. 2d 99, 108 (D.D.C. 2008) (same).

**IV.   Conclusion**

For these reasons, the Court will grant in part and deny in part Plaintiff's Motion for Leave to File Amended Complaint.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*<br>
JAMES E. BOASBERG<br>
Chief Judge

Date:  August 30, 2023