**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMY PHILLIPS,<br><br>        **Plaintiff,**<br><br>        v.<br><br>DISTRICT OF COLUMBIA,<br><br>        **Defendant.** | No. 1:22-cv-00277-JEB |

## DEFENDANT'S AFFIRMATIVE DEFENSES
## AND ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant District of Columbia (the District) answers and asserts affirmative defenses to Plaintiff's Amended Complaint (Complaint) as follows.

## DEFENSES

The District asserts and preserves the defenses listed below based on information currently available, and the District reserves the right to withdraw these defenses or assert additional defenses as additional information becomes available.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff cannot establish municipal liability under 42 U.S.C. § 1983.

### THIRD DEFENSE

The District acted at all times consistently with all applicable laws, rules, regulations, constitutional provisions, and standards of care.

**FOURTH DEFENSE**

The District of Columbia, its agents, servants, and employees, acting within the course and scope of their employment, have performed their obligations, if any, toward Plaintiff in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

**FIFTH DEFENSE**

The District of Columbia, its agents, servants, and employees, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

**SIXTH DEFENSE**

Plaintiff's claims against the District of Columbia are barred by sovereign immunity.

**SEVENTH DEFENSE**

Attorney's fees and costs are not recoverable against the District in this case.

**EIGHTH DEFENSE**

Plaintiff is not entitled to any declaratory or equitable relief, as requested in the Complaint, because the District has not violated any statutory or constitutional rights, among other reasons.

**NINTH DEFENSE**

The equitable and declaratory relief requested by Plaintiff exceeds the scope of her claims.

**TENTH DEFENSE**

Plaintiff has not suffered any monetary or financial loss for which she can assert a claim for compensatory or other damages.  Alternatively, Plaintiff failed to mitigate any alleged damages.

## ELEVENTH DEFENSE

The District denies all allegations of wrongdoing including, but not limited to, any alleged violations of statutory law, and further denies that Plaintiff is entitled to any relief.

## TWELFTH DEFENSE

The Court lacks subject matter jurisdiction to hear Plaintiff's claims.

## ANSWER TO THE COMPLAINT[1]

The District asserts that any averment not specifically admitted in this Answer is denied and responds to the individually numbered paragraphs of the Complaint as follows.

1.      The District denies the allegations in this paragraph.

## PARTIES

2.      The District lacks sufficient information to admit or deny the allegations in this paragraph.

3.      The District admits the allegations in the first sentence of this paragraph.  The second sentence of this paragraph contains legal conclusions; to the extent a response is required, the District denies the allegations.

## JURISDICTION AND VENUE

4.      The allegations in paragraph 4 contain legal conclusions; to the extent a response is required, the District denies the allegations.

---

[1]      Headings and subheadings are provided to correspond to the Complaint solely for ease of reference in reviewing the Answer.  The District denies all statements in the Complaint's headings and subheadings.

**PHILLIPS'S EARLY ADVOCACY**

5.      The District admits that Amy Phillips is critical of MPD.  The District admits that Plaintiff has made statements critical of MPD in public and vocally, as in using her voice.  The District denies all other allegations of this paragraph, express or implied.

6.      The District admits that Amy Phillips submitted requests for information to the Metropolitan Police Department (MPD) pursuant to the D.C. Freedom of Information Act (FOIA) in 2018.  The District otherwise lacks sufficient information to admit or deny the allegations in this paragraph.

7.      The District admits the allegations in this paragraph.

8.      The District admits that Plaintiff submitted a FOIA request seeking information concerning MPD's Disciplinary Review Division, including hearing transcripts.  The District denies the allegations in the second sentence of Plaintiff's characterization of adverse action hearings.  The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

9.      The District admits that Plaintiff filed FOIA requests seeking various documents relating to the purported use of the term "zero-tolerance policing" and relating to the Gun Recovery Unit, the Narcotics and Special Investigations Division, and Crime Suppression Teams.  The District admits that Chief Newsham said the quoted words at a hearing before the Council of the District of Columbia, in a different order and as part of a much longer dialogue. The District responds that Plaintiff's FOIA requests and Chief Newsham's testimony before the Council referenced in paragraph 9 of the Complaint are the best evidence of their content and denies all other characterizations.  The District lacks information sufficient to admit or deny the remaining allegations in this paragraph.

4

10.     The District admits that Plaintiff sent tweets from her personal Twitter account that were critical of MPD and its officers between 2018 and 2021.

**THE LOJACONO ADVERSE ACTION HEARING AND
MPD'S SUSPICIOUS RESPONSE TO FOIA REQUESTS**

11.     The District admits the allegations in this paragraph.

12.     The District admits the allegations in this paragraph.

13.     The District admits that former MPD Officer Sean Lojacono was the subject of an adverse action hearing because of allegations concerning his conduct when performing bodily searches.

14.     The District admits the allegations in this paragraph.

15.     The District admits that the Administrative Rules of Conduct and Procedures for Adverse Action Hearings provide that "All electronic devices in the hearing and viewing rooms, including audio, video, computers, tablets, or cellular phones must be powered off entirely. Photography and any recordings are strictly prohibited." The District admits that, generally speaking, this means members of the public are not permitted to record the proceedings.

16.     The District admits that some or all of the adverse action hearing of former MPD Officer Sean Lojacono held in March 2019 was recorded electronically and that some or all of the electronic recording was used to create a written transcript.

17.     The District denies the allegations in this paragraph that Plaintiff signed the log with her full name. The District admits that sign-in logs for the building in which the Lojacono hearing was held contain entries by "A Phillips."

18.     The District admits that Plaintiff attended at least parts of the Lojacono adverse action hearing. The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

19.     The District admits the allegations in this paragraph.

20.     The District admits that a lawsuit was filed against former MPD Officer Sean Lojacono that was settled and received press coverage.  The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

21.     The District admits the allegations in this paragraph.

22.     The District admits the allegations in the first sentence of this paragraph. The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

23.     The District admits that Plaintiff received a response denying in full her request numbered 2019-FOIA-03684 less than 90 minutes after she submitted the request.  The District states that the response referenced in this paragraph is the best evidence of its contents and denies all other characterizations.

24.     The District denies that its response to 2019-FOIA-03684 was wrong or strange or did not make any sense.  The District admits that the documents requested in 2019-FOIA-03684 were, at the time, categorically not released to the public through FOIA and that Plaintiff attended at least parts of the Lojacono adverse action hearing.

25.      The District admits the allegations in this paragraph.

26.     The District responds that the document referenced in paragraph 26 of the Complaint is the best evidence of its content and denies all other characterizations.

27.     The District responds that the documents referenced in paragraph 27 of the Complaint are the best evidence of their contents and denies all other characterizations.

28.     The District admits the allegations in this paragraph.

29.     The District admits that Plaintiff filed a suit in Superior Court related to request 2019-FOIA-03684 and denies all other allegations of this paragraph.

30.     The District responds that the document referenced in paragraph 30 of the Complaint is the best evidence of its content and denies all other characterizations.

31.     The District responds that the requests and responses referenced in paragraph 31 of the Complaint are the best evidence of their contents and denies all other characterizations.

32.     The District admits that MPD produced documents to Plaintiff in response to her FOIA request.  The District responds that the documents referenced in paragraph 32 of the Complaint are the best evidence of their contents and denies all other characterizations.  The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

33.     The District admits the allegations in this paragraph.

### A WHISTLEBLOWER COMES FORWARD

34.     The District lacks sufficient information to admit or deny the allegations in this paragraph.

35.     The District admits that Ms. Parker has a hire date with MPD of October 1, 1995, that Ms. Parker held the rank of Commander from January 7, 2015, to December 22, 2016, and that Ms. Parker held the rank of Inspector from December 23, 2016, until her retirement on January 18, 2020.  The District admits Ms. Parker began serving as MPD's FOIA Officer in 2017 and held that position until her retirement.  The District denies all other allegations of this paragraph, express or implied.

36.     The District denies the allegations in this paragraph.

37.     The District admits a declaration signed by Ms. Parker was filed in Plaintiff's Superior Court case but otherwise denies the allegations in the first sentence.  The District admits the remaining allegations in this paragraph.

**MPD WATCHLIST POLICY**

38.     The District denies the allegations in this paragraph.

39.     The District denies the allegations in this paragraph.

40.     The District denies the allegations in this paragraph.

41.     The District denies the allegations in this paragraph.

42.     The District denies the allegations in this paragraph.

43.      The District admits that Ms. Parker was expected to send a regular email to Ms. Turner and Chief Newsham regarding FOIA requests recently received by MPD.  The District denies the remaining allegations in this paragraph.

44.     The District admits that Ms. Parker and Ms. Turner had a regularly scheduled meeting to discuss FOIA requests received by MPD.  The District denies the remaining allegations in this paragraph.

45.     The District denies the allegations in this paragraph.

46.     The District denies the allegations in this paragraph.

47.     The District denies the allegations in this paragraph.

48.     The District denies the allegations in this paragraph.

49.     The District denies the allegations in this paragraph.

50.     The District denies the allegations in this paragraph.

51.     The District denies the allegations in this paragraph.

52.     The District denies the allegations in this paragraph.

53.      The District denies the allegations in this paragraph.

54.     The District denies the allegations in this paragraph.

## THE WATCHLIST POLICY IN ACTION

55.     The District denies the allegations in this paragraph.

56.     The District denies the allegations in this paragraph.

57.     The District denies the allegations in this paragraph.

58.     The District lacks sufficient information to admit or deny the allegations in this paragraph.

59.     The District responds that the Neighborhood Engagement Achieves Results (NEAR) Act of 2016 is the best evidence of its contents and denies all other characterizations.

60.     The District admits that a lawsuit was filed in the Superior Court for the District of Columbia alleging that MPD fails or failed to comply with NEAR Act requirements.  The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

61.     The District denies the allegations in this paragraph.

62.     The District denies the allegations in this paragraph.

63.     The District denies the allegations in this paragraph.

64.     The District denies the allegations in this paragraph.

65.     The District lacks sufficient information to admit or deny the allegations in this paragraph.

66.     The District lacks sufficient information to admit or deny the allegations in this paragraph.

67.     The District denies the allegations in this paragraph.

68.     The District lacks sufficient information to admit or deny the allegations in this paragraph.

69.     The District admits that MPD sent an invoice to Denise Krepp for $5,387 in connection with a request Ms. Krepp made to MPD's FOIA Office for body-worn camera footage that would need redaction before release.  The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

70.     The District admits that an ACLU representative was provided a sample of responsive documents in response to a FOIA request they made to MPD's FOIA Office so that the requestor could determine his or her willingness to pay fees to receive the complete response. The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

71.     The District denies the allegations in this paragraph.

72.     The District lacks sufficient information to admit or deny the allegations in this paragraph.

73.     The District denies the allegations in this paragraph.

74.     The District denies the allegations in this paragraph.

75.     The District admits that is has produced data requested by the ACLU but otherwise denies the allegations in this paragraph.

76.     The District admits that Eric Flack requested documents related to stop-and-frisk incidents from MPD's FOIA Office in 2018.  The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

77.     The District lacks sufficient information to admit or deny the allegations in this paragraph.

78.     The District admits that on at least one occasion Ms. Turner asked Ms. Parker to look for alternate versions of proposed responsive documents.  The District specifically denies

that Ms. Turner directed Ms. Parker to withhold documents if no alternate version could be found.  The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

79.     The District admits that MPD complies with its obligations under FOIA but denies the remainder of the allegations in this paragraph.

80.     The District admits that Marina Marraco submitted a FOIA request to MPD concerning an incident in 2018.  The District denies the allegations in the third sentence in this paragraph.  The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

81.     The District lacks sufficient information to admit or deny the allegations in this paragraph.

82.     The District denies that Ms. Turner "perceive[d] a potential for embarrassment." The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

83.     The District admits that its FOIA Office has received multiple requests for information related to marijuana possession, including from ACLU representatives.  The District denies the remaining allegations in this paragraph.

84.     The District denies the allegations in this paragraph.

85.     The District denies the allegations in this paragraph.

86.     The District denies the allegations in this paragraph.

87.     The District denies the allegations in this paragraph.

**HARM TO PHILLIPS**

88.     The District denies the allegations in this paragraph.

89.     The District denies the allegations in this paragraph.

90.     The District denies the allegations in this paragraph.

91.     The District denies the allegations in this paragraph.

92.     The District denies the allegations in this paragraph.

93.     The District denies the allegations in this paragraph.

94.     The District denies the allegations in this paragraph.

95.     The District admits the allegations in the second and third sentences of this paragraph.  The District lacks sufficient information to admit or deny the allegations in the fourth and last sentences of this paragraph.  The District otherwise denies the allegations in this paragraph.

96.     The District admits that it received a request from Plaintiff, collected and prepared documents, and released interim responses.  The District otherwise denies the allegations in this paragraph.

97.     The District lacks sufficient information to admit or deny Plaintiff's intentions. The District otherwise denies the allegations in this paragraph.

98.     The District denies the allegations in this paragraph.

## COUNT I

99.     The paragraph consists of legal conclusions; to the extent a response is required, the District denies the allegations in this paragraph.

100.    The paragraph consists of legal conclusions; to the extent a response is required, the District denies the allegations in this paragraph.

101.    The paragraph consists of legal conclusions; to the extent a response is required, the District denies the allegations in this paragraph.

102.    The paragraph consists of legal conclusions; to the extent a response is required, the District denies the allegations in this paragraph.

103.    The paragraph consists of legal conclusions; to the extent a response is required, the District denies the allegations in this paragraph.

104.    The paragraph consists of legal conclusions; to the extent a response is required, the District denies the allegations in this paragraph.

105.    The paragraph consists of legal conclusions; to the extent a response is required, the District denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The District denies that Plaintiff is entitled to any equitable or monetary relief, including any form of relief sought in this section or elsewhere.  The District requests judgment in its favor and such additional relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

The District demands a jury trial on all issues and claims triable by jury in this case.

Date: September 19, 2023.                    Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON
Assistant Chief, Equity Section

*/s/ Adam J. Tuetken*

ADAM J. TUETKEN [242215]
RICHARD P. SOBIECKI [500163]
MATEYA B. KELLEY [888219451]
AMANDA C. PESCOVITZ [1735780][*]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 735-7474
Email: adam.tuetken@dc.gov

*Counsel for Defendant*

---

[*]     Admitted to the Bar under D.C. App. R. 46-A (Emergency Examination Waiver). Practicing under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to D.C. App. R. 46-A(d)(2).