**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMY PHILLIPS,<br><br>Plaintiff,<br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action No. 22-277 (JEB) |

## PLAINTIFF AMY PHILLIPS'S MOTION TO COMPEL DISCOVERY

Plaintiff moves to compel Lisa Archie-Mills (represented by the District) to forensically collect and produce text messages responsive to Plaintiff's amended subpoena. Archie-Mills is a key witness; she has been a Supervisory FOIA Specialist at MPD's FOIA Office since 2017 and was the Acting FOIA Officer following whistleblower Vendette Parker's retirement. Text messages recently produced by Parker show the District collected and produced Archie-Mills' texts with unreliable screenshots, misrepresented its subpoena compliance to the Court, and withheld key texts, even when confronted with specific examples by Plaintiff.

Plaintiff served a subpoena on Archie-Mills seeking (1) all texts with Parker (other than personal texts unrelated to FOIA), and (2) texts with certain MPD officials that hit on search terms. Ex. A. As to (1), the District responded that it was producing all texts with Parker's MPD phone, and it had reviewed all texts with Parker's personal phone and produced "any that refer to work in the MPD FOIA Office or Amy Phillips" via screenshots. Ex. B. As to (2), the District represented there were no texts. Ex. C. At the August 31 hearing, Plaintiff raised concerns about the form and completeness of the District's subpoena response. The District represented that counsel "screenshot every single text that had anything to do with [the] FOIA office or their FOIA work, and if there was any text on a date that included something responsive, he screenshot the chain for the entire date." Aug. 31 Hr'g Tr. 28:10–17. But then Parker produced texts which showed this was false and that numerous texts about FOIA and the FOIA Office had been withheld. In response to this disclosure, Plaintiff amended her subpoena, adding terms to eliminate search problems or gamesmanship and ensure texts about FOIA were identified (FOIA or request* or watchlist), a broader time period (Parker's texts showed Archie-Mills texted about this lawsuit in 2022, *see* Ex. O), and a request for texts with FOIA Officer Brandynn Reaves (who had just been named a 30(b)(6) witness). Ex. D. Parker later testified that Archie-Mills told her, in 2021, that the FOIA

elevation policy was "still happening" under Chief Contee, making her texts even more important. Ex. N. Still, the District refuses to comply with the amended subpoena.

Parker's production proves the District violated its discovery obligations by withholding responsive texts. A particularly egregious example is a July 19, 2020 text exchange between Parker and Archie-Mills. Parker texted about Plaintiff Amy Phillips, linking a Washington City Paper article "How the D.C. Police Department, DOJ, and D.C. Attorney General's Office Shield Cops' Bad Acts," which described Phillips' adverse treatment by MPD's FOIA Office and OAG. Ex. E, Ex. F. District counsel twice screenshot Parker's part of the text exchange, but both times omitted Archie-Mills' response. Ex. E. Plaintiff raised this missing text to the Court. Aug. 31 Hr'g Tr. 27:1–9, 30:7–14. The Court ordered the District to "find" any identified "things that are missing," *id.* 31:9–11, and Plaintiff again expressly identified the 6:14 pm text by email and letter, Ex. G (item 3); Ex. H at 1–2. The District did not produce anything (and still has not responded in writing to many of the questions posed by Plaintiff). But Parker's production exposed that the District had withheld Archie-Mills' 6:14 pm response, which read: "Thanks for sharing the article. Shaking my head. <u>As the saying goes[] the more things change, the more they stay the same</u> [sad emoji]!" Ex. I (emphasis added); *compare* Ex. E. There is no excuse for the District's failure to produce the text. It is plainly responsive—it refers to both "work in the MPD FOIA Office" and "Amy Phillips." Ex. B. It is also probative as evidence of the Acting FOIA Officer's awareness of Phillips and of ongoing malfeasance at MPD after Parker's departure. *See* Compl. ¶ 52.

Parker's production shows many other responsive texts were withheld. These include, for example, texts expressly discussing watchlist requester Benjamin Douglas and his FOIA requests, Ex. J; the FOIA Office's volume of stop-and-frisk FOIA requests, Ex. K; and the open FOIA Officer position, Ex. L. All are, indisputably, about the "FOIA office" or "FOIA work."

Texts sought by the amended subpoena, including those about FOIA, FOIA requestors, and the watchlist, are similarly relevant, including because Archie-Mills said the policy at issue was "still happening" in 2021, Ex. N. The District has no serious explanation for its total failure to produce anything in response. Its objections to the amended subpoena are meritless. Ex. M at 2.

First, the District objects that the amended subpoena lists an incorrect phone number for Archie-Mills. But the District produced texts in response to the original subpoena with that number, so there is no real confusion. And counsel corrected the typo when notified. Ex. M at 1.

Second, at the recent hearing, District counsel argued that the amended subpoena seeks redundant discovery. That is false. The subpoena overlaps only with Plaintiff's subpoena targeting Parker's personal cell phone production for a limited window of time. But Plaintiff has no other means to get (1) Archie-Mills' texts with Parker's MPD phone (destroyed by MPD upon her departure), or (2) Archie-Mills' texts with other counterparties, including Reaves. In any case, Parker's production does not permit the District to cherry-pick which documents to produce.

Third, Archie-Mills' other objections to the amended subpoena are generic "boilerplate objections," which are insufficient (and Plaintiff has no ability to address any new objections in the Opposition). *Laker Airways Ltd. v. Pan Am. World Airways*, 103 F.R.D. 42, 45 n. 1 (D.D.C. 1984); *see Doe v. D.C.*, 230 F.R.D. 47, 52 (D.D.C. 2005) (similar). A forensic collection is not unduly burdensome; the District used a vendor for one MPD witness and agreed to split the cost of a vendor for Parker's own texts. The search terms are targeted (Defendant has failed to provide any evidence suggesting otherwise), and Plaintiff is willing to confer if not. Even to the extent there is a minimal burden, it is warranted because the District's first collection was unreliable. *See Parsi v. Daioleslam*, 778 F.3d 116, 126–32 (D.C. Cir. 2015) (forensic imaging proper where party failed to produce documents). Plaintiff requests that the Court grant the motion.

Dated: October 2, 2023

Respectfully submitted,

*/s/ Anna Hrom*
Charles Gerstein
GERSTEIN HARROW LLP
810 7th Street NE, Suite 301
Washington, DC 20002
charlie@gerstein-harrow.com
(202) 670-4809

Jason Harrow
GERSTEIN HARROW LLP
3243B S. La Cienega Blvd.,
Los Angeles, CA 90016
jason@gerstein-harrow.com
(323)-744-5293

Nicholas G. Gamse (D.C. Bar No. 1018297)
Krystal C. Durham (D.C. Bar No. 987768)
Jean Ralph Fleurmont (D.C. Bar No. 1044791)
Anna Hrom (D.C. Bar No. 1657785)
Michael Linhorst (D.C. Bar No. 90011127)
WILLIAMS & CONNOLLY LLP
680 Maine Ave., S.W.
Washington, DC 20024
Telephone: (202) 434-5000
ngamse@wc.com
kdurham@wc.com
jfleurmont@wc.com
ahrom@wc.com
mlinhorst@wc.com

*Counsel for Plaintiff Amy Phillips*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2023, I caused a true and correct copy of the foregoing to be served on counsel of record for Defendant via ECF.

/s/ *Anna Hrom*
Anna Hrom

*Counsel for Plaintiff Amy Phillips*