# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMY PHILLIPS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>**Defendant.** | **Civil Action No. 1:22-cv-00277-JEB** |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION TO SEAL DOCUMENT

On October 2, 2023, Plaintiff moved to compel the production of documents [47]. In support of her motion, Plaintiff cited the deposition testimony of non-party Vendette Parker. Prior to her deposition, Ms. Parker produced documents in this litigation. The District opposed the motion [48], and the Court denied the motion, *see* October 10, 2023 Minute Order. Relatedly, on September 8, 2022, the Court entered a Protective Order [24].

It is the position of Plaintiff and Ms. Parker that part of a single sentence in the District's opposition is protected from disclosure under the Protective Order. While the District disagrees with the position of Plaintiff and Ms. Parker, to avoid yet another discovery dispute in this litigation, the District agreed to move to seal its opposition and has attached a redacted version of its opposition for filing on the public docket, *see* Ex. 1.

A district court considers six factors when deciding whether to grant a motion for leave to file under seal: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5)

the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980).

The District believes that factors (1), (2), (3), (5), and (6) weigh in favor of granting the motion to seal. The public does not need access to the proposed redacted information; the existence of the information on the public docket for a brief period of time has not created any public interest in access to the document; Plaintiff and Ms. Parker object to the disclosure of the information; the District will not be prejudiced by redacting the information in this context; and the information, at this stage, is only related to a discovery dispute between the Parties, which has since been resolved.

For the foregoing reasons, the District requests that the Court grant the motion to seal document.

Date: October 31, 2023.                                  Respectfully Submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Richard P. Sobiecki*
RICHARD P. SOBIECKI [500163]
MATEYA B. KELLEY [888219451]
ADAM J. TUETKEN [242215]

AMANDA C. PESCOVITZ [1735780][1]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 805-7512
Email: richard.sobiecki@dc.gov

*Counsel for Defendant*

---

[1] Admitted to the Bar under D.C. App. R. 46-A (Emergency Examination Waiver). Practicing under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to D.C. App. R. 46-A(d)(2).