# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMY PHILLIPS,** | |
| **Plaintiff,** | |
| v. | **Civil Action No. 1:22-cv-00277-JEB** |
| **DISTRICT OF COLUMBIA,** | |
| **Defendant.** | |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

For more than a year, Plaintiff has sought exhaustive discovery in this case. Thousands and thousands of documents have been produced, *see* Ex. 1; dozens and dozens of hours of deposition testimony has been taken; and seemingly countless meet-and-confers have occurred to resolve discovery "disputes" raised by Plaintiff. Despite Plaintiff's best efforts to corroborate statements made by former MPD FOIA Officer Vendette Parker regarding a so-called watchlist, she has uncovered no evidence to support Parker's claims. That is not surprising. As shown in documents produced by Parker, after she was demoted from Commander to Inspecter in 2017, she became disgruntled and tried to employ members of the media to wage a campaign against MPD generally and against Chief Newsham specifically, which included ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and ghost-writing a proposed editorial opinion that criticized Chief Newsham for another media member. When Amy Phillips requested that Parker draft a declaration in October 2021 to help Phillips win a lawsuit against MPD, Parker was happy to oblige. Against that backdrop, Plaintiff now seeks to compel [47] additional discovery from a third-party (Lisa Archie-Mills). That motion, which relies on a misleading and inaccurate presentation of the record, should be denied.

First, Archie-Mills has already testified that Parker never told her about what Parker claims in her October 2021 declaration [42-1] was happening in the FOIA office. Ex. 2, Archie-Mills Dep. Tr. at 550–64. Conveniently omitted by Plaintiff, Parker agrees with Archie-Mills. Parker testified that she never discussed the alleged watchlist with anyone in the FOIA office, including Archie-Mills. Ex. 3, Parker Dep. Tr. at 199–204. However, Parker *did* testify that it was common knowledge in the FOIA office that Parker's supervisor (Leeann Turner) was made aware of certain FOIA requests, such as high-profile requests. Ex. 3, Parker Dep. Tr. at 195–96. Archie-Mills agrees. She also testified that certain high-profile requests, *e.g.*, requests

concerning January 6 or the Van Ness shooting, were sent to Parker's supervisor for review. Ex. 2, Archie-Mills Dep. Tr. at 77–79. When read in context, Plaintiff's claim that Archie-Mills confirmed that the watchlist policy was "still happening" after Parker left MPD, *see* Motion at 1–2, is simply unsupported by the record.

Parker's actual testimony regarding her conversation with Archie-Mills in 2021 was: "I just remember her saying that it's still happening. We were talking about the process of having to go upstairs and get the requests reviewed." Ex. 3, Parker Dep. Tr. at 450–454. Based on that statement, Parker *assumed* that Archie-Mills was (a) referring to review by Leeann Turner and (b) referring to what Parker claims was happening in her declaration. *Id*. Of course, Parker was unaware that since February 2020 the FOIA office no longer reported to Turner, *id*. at 461; Ex. 4, which meant that Archie-Mills was clearly not referring to review by Turner, and was seemingly also unaware that Archie-Mills did not corroborate Parker's "watchlist" claims, Ex. 2, Archie-Mills Dep. Tr. at 550–54. Given that Plaintiff's motion to compel rests almost entirely on the incorrect premise that Archie-Mills confirmed that the so-called watchlist policy, as alleged by Parker, was still happening in 2021, her entire house of cards should fall.

Turning specifically to the subpoenas at issue, Archie-Mills and Parker have exchanged hundreds of text messages since Parker retired from MPD. Those messages focus almost exclusively on faith, family, and friendship. Plaintiff now has a complete set of messages exchanged between Archie-Mills and Parker involving Parker's personal cellphone. Plaintiff also has a complete set of messages between Archie-Mills and Parker involving Parker's MPD-issued phone. At issue currently is whether Archie-Mills needs to produce all text messages, regardless of the recipient, simply because those messages contain the word "FOIA." *See*

2

Amended Subpoena, No. 2 [47-5].  That request is overbroad and not proportional to the needs of the case.  Discovery has closed.  The Parties should move on to the next phase of the case.

In support of her demand, Plaintiff attempts to make mountains out of molehills.  No "gamesmanship" has occurred.  The Parties simply disagree over the proper interpretation of responsiveness.  For example, Plaintiff complains about a text that references Benjamin Douglas not being produced.  *See* Motion at 2, citing Pl.'s Ex. J.  In that exchange, Parker says she saw someone on television and cannot remember his name, but she remembers that he submitted FOIA requests.  Archie-Mills reminds her of his name.  In another bombshell of an exchange, Parker expresses her belief that Archie-Mills must be busy with stop-and-frisk requests, then attaches a gif reminding Archie-Mills that "Just 1 Day Til Friday."  Pl.'s Ex. K.  Archie-Mills responds, "I am busy, which is nothing new, but actually we have not received many requests, if any, regarding stop data," and adds, "How is your job coming along?  Thanks for reaching out and enjoy your day."  Plaintiff's Exhibit L is similarly revelatory:  the FOIA office receives many requests and is very busy.  Those casual exchanges are not relevant or responsive.

Finally, while Plaintiff attempts to make hay out of not receiving Archie-Mills's response to a text from Parker that attached an article referencing Plaintiff, Pl.'s Ex. E, Archie-Mills did not read the attached article and her response was not intended to endorse or confirm any claims in the article.  Further, Archie-Mills did not refuse to produce her response.  Plaintiff asked her to identify the response, if any, on a Thursday afternoon.  The following morning, undersigned counsel said he would respond promptly.  That same day the Parties received a complete set of messages from Parker, mooting Plaintiff's request to Archie-Mills.  In sum, Plaintiff has failed to meet her burden of showing relevance and proportionality, and her motion should be denied.  *See* Fed. R. Civ. P. 26(b)(1).

Date: October 6, 2023.               Respectfully Submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Interim Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Richard P. Sobiecki*
RICHARD P. SOBIECKI [500163]
MATEYA B. KELLEY [888219451]
ADAM J. TUETKEN [242215]
AMANDA C. PESCOVITZ [1735780][1]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 805-7512
Email: richard.sobiecki@dc.gov

*Counsel for Defendant*

---

[1] Admitted to the Bar under D.C. App. R. 46-A (Emergency Examination Waiver). Practicing under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to D.C. App. R. 46-A(d)(2).