### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMY PHILLIPS,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:22-cv-00277-JEB** |
| **DISTRICT OF COLUMBIA,** | |
| **Defendant.** | |

## JOINT STATUS REPORT

Following the close of fact discovery, Plaintiff's position was that the Parties should engage in expert discovery and then proceed to summary judgment briefing, while the District's position was that the Parties should brief summary judgment first and then, if necessary, engage in expert discovery.  In response, the Court ordered that Plaintiff should provide the District with her expert's report by October 27, 2023, and that the Parties should submit a joint status report by November 9, 2023.  Although the Parties met and conferred in good faith, they still disagree, as explained below, as to how this matter should proceed and therefore present their proposals for the Court's consideration.  While the Parties disagree on which path the Court should choose, the Parties have agreed on proposed schedules for each of those three paths (Plaintiff's Proposal, and Defendant's Proposals A and B).

## I.    The District's Proposal

The Parties have two main points of disagreement.  First, the Parties disagree as to whether the District should be permitted to move to exclude Plaintiff's proffered expert witness before it moves for summary judgment (the District's position) or whether the District should have to simultaneously move to exclude and for summary judgment (Plaintiff's position).

Second, the Parties disagree as to whether the District should have to decide whether to retain an expert witness *before* it moves for summary judgment (Plaintiff's position) or whether the District can wait to make that decision until *after* the Court resolves the District's motion for summary judgment (the District's position). Because the District's positions represent the more efficient and cost-effective path forward, the Court should adopt Schedule A, which provides that the Court will first resolve the District's challenge to the admissibility of the opinions offered by Plaintiff's expert (Prof. Margaret Kwoka), then the Court will resolve the District's motion for summary judgment, and then, if the District's motion is denied in part or in full, the District will have an opportunity to retain an expert witness for trial.

As to the sequencing of the District's motion to exclude the opinions of Prof. Kwoka and its motion for summary judgment, the Court should determine the motion to exclude prior to summary judgment. *See* Fed. R. Civ. P. 56(c)(2) (a fact in opposition to summary judgment must "be presented in a form that would be admissible in evidence"). As the District will explain in its motion for summary judgment, discovery has yielded no evidence that the processing of Plaintiff's FOIA requests was impacted in any way by her exercise of her First Amendment rights and no evidence that MPD maintained a so-called watchlist policy. Accordingly, Plaintiff's opposition to the District's motion appears likely to rely heavily on the expert opinions of Prof. Kwoka. If the Court excludes the opinions of Prof. Kwoka, it will greatly simplify and streamline summary judgment. And, given the novelty of Prof. Kwoka's opinions, if the District is moving only to exclude her opinions, it believes it could do so quickly once she is deposed.

If the District prevails on its motion for summary judgment, then its need for an expert will become moot because the District only sees an expert as necessary for its case if the case

goes to trial and does not intend to rely on an expert for its summary judgment motion.  Thus, the District will have potentially wasted thousands of taxpayer dollars if it must retain an expert now but then succeeds on its summary judgment motion.  (Plaintiff says not a word below about the costs of her contrary approach.)  If the District does not prevail on its motion for summary judgment, then the District would have an opportunity to proffer an expert witness, *see, e.g.*, Joint Status Rep. [85], *Hurd v. District of Columbia*, No. 15-cv-666 (D.D.C. Sept. 15, 2023) (allowing expert discovery to occur after summary judgment), but that process would not in any way lengthen the overall time it will take to resolve this case.  Under either scenario, the District will have time before trial to retain an expert.

Plaintiff, however, demands that the District identify an expert now and that she be allowed to do full expert discovery on that expert before summary judgment.  Not only would Plaintiff's demand delay a decision on summary judgment, but it would also likely lead to Plaintiff filing a motion seeking to exclude the District's expert unnecessarily adding further to the Court's workload.  Plaintiff gives no good reasons for her approach over the District's.

First, she says that the District's sequence would allow the District's expert to write a report using the deposition of Prof. Kwoka and the Court's opinion on her admissibility as a guide.  Plaintiff assumes that she will get past summary judgment.  If she does not, then this is a moot point.  Regardless, the purpose of the deposition and motion to exclude is to test *Prof. Kwoka's* admissibility.  Indeed, her report attests that she is the only one who employs her methodology.  The issues pertaining to her admissibility will be unique to her and her report, and how the resolution of the specifics of her expertise could inform another expert is stretched and speculative.  In any event, the District is not opposed to allowing her to file a supplemental report post-summary judgment.

Second, Plaintiff thinks the District's proposal will result in an unnecessary round of briefing when the District should just include its admissibility arguments in a summary judgment brief. That approach would mean longer and more convoluted summary judgment briefing for the Court to wade through, with the Parties arguing in the alternative to account for the potential inadmissibility of key evidence.[1]

Third, Plaintiff says there is no need for a *Daubert* motion *ever* in this case or at least before summary judgment because this case will have a bench trial, and the Court can gatekeep itself. But the District believes that Prof. Kwoka's opinions should not be a part of the record at all, *see* Fed. R. Civ. P. 56(c)(2), on various grounds—including grounds that are not strictly "reliability and relevancy," *see infra*, or *Daubert*-type issues, like Prof. Kwoka's giving of legal opinions. Moreover, there has been no decision yet whether this case will have a bench trial. In fact, the District's Answer preserves a request for a jury trial. Def.'s Answer [44] at 13.

In sum, the Court should allow the District to defer its decision whether to retain an expert until after summary judgment because that approach will not prejudice Plaintiff and will potentially save the Court and the District significant time and resources. And the Court should adopt Schedule A, which allows the District to first move to exclude the testimony of Prof. Kwoka and then move for summary judgment after the motion to exclude is resolved.

---

[1]    Of course, the District's position is that having to brief a motion to exclude and a motion for summary judgment at the same time would still be a far superior course to forcing the District to retain an expert prior to summary judgment, given that the District is not intending to rely on expert testimony in support of its motion.

Schedule A:

| Event | Deadline |
| --- | --- |
| Deposition of Prof. Kwoka[2] | No later than December 14, 2023 |
| District's motion to exclude due | January 12, 2024 |
| Plaintiff's opposition due | February 2, 2024 |
| District's reply due | February 16, 2024 |
| Joint status report proposing summary judgment briefing schedule | 2 weeks following the Court's decision on the District's motion to exclude |

Schedule B:

| Event | Deadline |
| --- | --- |
| Deposition of Prof. Kwoka | No later than December 14, 2023 |
| District's motion to exclude and motion for summary judgment due | February 16, 2024 |
| Plaintiff's oppositions due | April 8, 2024 |
| District's replies due | May 6, 2024 |
| Joint status report proposing supplemental expert discovery and pre-trial schedule | 2 weeks following an order by the Court denying the District's motion for summary judgment |

## II.   **Plaintiff's Proposal**

Plaintiff respectfully requests that the Court set deadlines for the District's rebuttal expert report, the close of expert discovery, and summary judgment briefing, just like in any other civil case.  The parties should complete expert discovery now as in the normal course—including any expert disclosure the District intends to make—and then brief any summary judgment motions.  This is the simplest, fairest, and most efficient way to proceed.  By contrast, the District's proposal would unfairly and prejudicially allow the District's expert to write a report that could benefit from the deposition of the Plaintiff's expert and the Court's reasoning in its *Daubert* opinion, all without giving Plaintiff's expert the opportunity to do the same.  It would also

---

[2]   The District is still awaiting documents and a privilege log from Prof. Kwoka and Plaintiff's counsel.  In addition, the District is still awaiting dates Prof. Kwoka is available for a deposition.

prevent Plaintiff's expert from responding to the District's expert at her deposition.  The District

has failed to identify any case in which this approach has ever been taken before.

The Court should therefore adopt the below schedule, which is the efficient, simpler, and

fairer process that would require both parties to complete their expert discovery before

proceeding to summary judgment.

| Event | Deadline |
|---|---|
| District's expert disclosure | January 12, 2024 |
| Expert depositions | No later than March 4, 2024 |
| District's motion for summary judgment due | April 18, 2024 |
| Plaintiff's opposition due | June 3, 2024 |
| District's reply due | June 24, 2024 |
| Joint status report proposing supplemental expert discovery and pre-trial schedule | 2 weeks following an order by the Court denying the District's motion for summary judgment |

The District takes the novel and unsupported position that it should be permitted to

(1) file an unnecessary *Daubert* motion in a case to be decided by a bench trial[3] to exclude

Plaintiff's expert (Professor Margaret Kwoka) *prior* to filing for summary judgment, (2) then

take a second swing at Professor Kwoka during a motion for summary judgment if the *Daubert*

motion fails, and (3) retain its own expert only if those two efforts to knock out Professor Kwoka

prove unsuccessful, reopening expert discovery to its exclusive benefit on the eve of trial.

Professor Kwoka's report relies on the methodology she employed in her book published by

Cambridge University Press.  The District is wrong that no one else has used her methodology;

Professor Kwoka's report cites specific experts who have.  The report shows how requestors

subjected to the district's heightened review policy were harmed, and it shows which requestors

---

[3]     The District suggests it has preserved "a request for a jury trial."  Plaintiff consents to a
jury trial.  To the extent the District is using its jury request to obtain a substantial discovery
advantage, it should be estopped from switching to a bench trial later.

were likely subject to the policy based upon her analysis (since the District did not maintain a complete list of such requestors).  The report further explains, based on Professor Kwoka's research and FOIA expertise, why the heightened review is unnecessary for the District to fulfill its legitimate obligations under FOIA.  If the District wants to rely on an expert who might offer different opinions, the time to do so is now.  The Court should reject the District's proposal for three reasons.

First, the District's proposal is unfair and prejudicial because it would allow the District to depose Professor Kwoka out of sequence and have the benefit of that deposition for its expert report.  It is unprecedented that an opposing expert should have an unfair advantage of (1) counsel's deposition of a party's expert, and (2) a court's *Daubert* analysis—all *before* writing a report.  The District's proposal would allow its expert to respond to the substance of Professor Kwoka's deposition in its expert's report and conform that report to any views expressed in the Court's *Daubert* decision.  Professor Kwoka, meanwhile, would have to sit for a deposition without having seen the opinions of the District's expert or having had an opportunity to respond to them.

The District cites the joint status report in *Hurd v. District of Columbia*, No. 15-cv-666 (D.D.C. Sept. 15, 2023), as support for its argument that expert discovery should occur after summary judgment.  In *Hurd*, discovery was bifurcated for *both* parties.  *See* Scheduling Order ECF No. 63, at 2 (ordering that "expert discovery shall not begin until after the Court resolves any renewed motions for summary judgment").  The District's proposal here would allow the District alone—and not Plaintiff—to begin expert discovery following summary judgment.  And both parties in *Hurd* "agreed to conduct expert discovery once the Court decided motions for

summary judgment on liability."  Joint Status Report, ECF No. 85, at 1.  There is no such agreement in this case, so *Hurd* is inapposite.

Second, the District's proposal is inefficient because it calls for an unnecessary round of briefing—the *Daubert* motion—before a summary judgment motion in which the District can make the same arguments.  By contrast, Plaintiff's proposal would require only one round of depositions and one set of motion papers.  Indeed, as a court in this District has observed, "where a bench trial is in prospect, resolving *Daubert* questions at a pretrial stage is generally less efficient than simply hearing the evidence."  *United States ex rel. Morsell v. NortonLifeLock, Inc.*, 567 F. Supp. 3d 248, 260 (D.D.C. 2021) (cleaned up).

Third, there is no need for a *Daubert* motion in this case, as the Court would not be "gatekeeping" the expert testimony from anyone but itself.  *Id.* ("[I]n a bench trial, the factfinder and the gatekeeper are the same.  A *Daubert* motion, therefore, effectively asks the Court to gate-keep expert testimony from itself." (cleaned up)).  And there is certainly no need for a *Daubert* motion before summary judgment—a motion in which the District will be able to make the same reliability and relevancy arguments it could make in the *Daubert* motion.  *See* Wright & Miller, 29 Fed. Prac. & Proc. Evid. § 6270 (2d ed.) ("[I]n a bench trial there is greater discretion regarding procedure and even the stringency of gatekeeping.  For similar reasons, in a bench trial the court may admit expert testimony subject to excluding it later if the court concludes it is unreliable.").

If the District wants to rely on an expert, its time to do so is now.  There is no need for a contrived, unfair, and unprecedented process.  The Court should implement Plaintiff's proposed schedule.

Date: November 9, 2023.

/s/ Michael Linhorst
Charles Gerstein
GERSTEIN HARROW LLP
810 7th Street NE, Suite 301
Washington, DC 20002
charlie@gerstein-harrow.com
(202) 670-4809

Jason Harrow
GERSTEIN HARROW LLP
3243B S. La Cienega Blvd.,
Los Angeles, CA 90016
jason@gerstein-harrow.com
(323)-744-5293

Nicholas G. Gamse (No. 1018297)
Krystal C. Durham (No. 987768)
Jean Ralph Fleurmont (No. 1044791)
Anna Hrom (No. 1657785)
Michael Linhorst (No. 90011127)
WILLIAMS & CONNOLLY LLP
680 Maine Ave., S.W.
Washington, DC  20024
Telephone: (202) 434-5000
ngamse@wc.com
kdurham@wc.com
jfleurmont@wc.com
ahrom@wc.com
mlinhorst@wc.com

Counsel for Plaintiff Amy Phillips

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

/s/ Matthew R. Blecher
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

/s/ Richard P. Sobiecki
RICHARD P. SOBIECKI [500163]
ADAM J. TUETKEN [242215]
MATEYA B. KELLEY [888219451]
AMANDA C. PESCOVITZ [1735780][*]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 805-7512
Email: richard.sobiecki@dc.gov

Counsel for Defendant

_____

[*]    Admitted to the Bar under D.C. App. R. 46-A (Emergency Examination Waiver). Practicing under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to D.C. App. R. 46-A(d)(2).