IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMY PHILLIPS, <br><br>        Plaintiff, <br>  v. <br><br> DISTRICT OF COLUMBIA, <br><br>        Defendant. | Civil Action No. 22-277 (JEB) |

### MOTION OF THIRD-PARTY WITNESS VENDETTE PARKER
### FOR ORDER TO SHOW CAUSE AND OTHER RELIEF

Defendant has now twice published to the public docket, in violation of the Protective Order of this Court, deposition testimony that third-party witness Inspector Vendette Parker clearly and unambiguously designated confidential pursuant to that Protective Order.

In its most recent rush to sully the reputation of Inspector Parker, MPD's former FOIA Officer and the key whistleblower in this case, Defendant ignored (1) that the Court had already granted a motion to seal this very same information; (2) that Inspector Parker's counsel expressly reaffirmed his designation in writing immediately prior to disclosure; (3) that Defendant had a Rule 45 obligation to minimize burdens imposed on Inspector Parker; and (4) that the Protective Order required Defendant to permit the *Court* to resolve any designation dispute.

Accordingly, third-party witness Vendette Parker, by and through undersigned counsel, moves this Court for an order to show cause why the Court should not hold Defendant in civil contempt for its violation of the Protective Order, for an order to seal the designated information, and for attorney's fees pursuant to Rule 45 and this Court's inherent authority.

1

## BACKGROUND

Vendette Parker served the Metropolitan Police Department for 27 years, rising to the level of command staff before her retirement. Following retirement, she spoke out about wrongful conduct at MPD, including wrongful conduct she observed during her service as MPD's FOIA Officer. *See* Parker Decl., ECF No. 1-1. As explained in her declaration, she did not report this conduct until after her retirement because of intimidation and retaliation that she experienced while at MPD. *Id.* ¶ 53.

Defendant subpoenaed Inspector Parker pursuant to Rule 45 of the Federal Rules of Civil Procedure to produce documents and give deposition testimony. Ex. A. Inspector Parker's deposition occurred on September 21, 2023. Counsel for Inspector Parker designated portions of her deposition transcript as confidential via written notice to all parties on September 29, 2023, pursuant to the Protective Order issued by the Court in this case. Ex. B at 6; Protective Order § V.B, ECF No. 24; *see also* Protective Order § II.D. At that time, the deposition transcript had already been stamped with the word "confidential" because Defendant had designated portions of the transcript as confidential on the record during the deposition. *See* Parker Dep. 1, ECF No. 54-5.

On October 6, 2023, Defendant filed a document on this Court's docket that improperly disclosed the information that Inspector Parker had designated confidential. *See* ECF No. 48 (entry now removed). Undersigned counsel objected, noting that he had "clearly designated this information as confidential. The designation preceded the filing of the opposition. It appears that the designation was completely ignored by your office and the opposition was not filed under seal as required by the protective order." Ex. B at 1. Plaintiff's counsel also objected to this apparent violation of the Protective Order. Ex. B at 4. In response, Defendant moved to seal the document

2

on October 31, 2023. Ex. B at 2; Unopposed Def.'s Mot. Seal Document, ECF No. 49. In that filing, Defendant represented to the Court that five of the six factors outlined in *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980), weighed in favor of sealing the information. Mem. in Supp. Mot. Seal 1–2, ECF No. 49-1. The Court granted the motion to seal the same day. Min. Order (Oct. 31, 2023).

On February 15, 2024, the eve of Defendant's deadline to file its motion for summary judgment, Defendant's counsel wrote to Inspector Parker's counsel, acknowledging that Inspector Parker had "previously requested that portions of Vendette Parker's deposition transcript be marked confidential," and attaching as an exhibit counsel's original email designating the material confidential under the Protective Order. Ex. B at 5–7. Defendant stated that it "intend[ed] to file those portions of the transcript with its motion for summary judgment, due tomorrow. Accordingly, by no later than noon Eastern time tomorrow, please let us know whether you intend to stand on your confidentiality request and what your specific bases for doing so are." Ex. B at 5. In other words, Defendant acknowledged that Inspector Parker had previously designated the information as confidential and unilaterally imposed a deadline of approximately 24 hours on a third-party witness to support her designations under the Protective Order, threating to publish the material to the docket if she failed to do so.

Before noon the next day, undersigned counsel responded to Defendant's counsel, asserting that Defendant was "correct that we previously designated parts of Ms. Parker's deposition to be confidential and we stand by that designation. I note that we have not retracted or withdrawn the designation since it was first made some months ago of which you are aware. Accordingly, we request that any and all personal information and that designated as confidential be redacted prior

3

to any filing with the court. *See Sourgoutias v. United States Capitol Police*, 2018 WL 4680206 (2018)." Ex. B at 10.

Defendant replied, demanding that Inspector Parker justify her "basis for designating that material confidential." Ex. B at 9. Then, at "close of business" the same day, Defendant changed its tack in a new email, asserting for the first time that Inspector Parker's "confidentiality designation was not valid" because Inspector Parker's counsel had supposedly failed to direct the court reporter to mark the transcript as confidential, notwithstanding the written notice that Defendant acknowledged was provided to all parties. Ex. B at 8–9 (citing Protective Order § II.D). Defendant threatened to "file unredacted versions" of materials containing Inspector Parker's confidential testimony on the public docket unless her counsel filed a motion to seal "by Wednesday, Feb. 21." Ex. B at 9. Monday, February 19 was a federal holiday, hence counsel provided two business days to comply with Defendant's demand.

Undersigned counsel objected, *again* asserting confidentiality under the Protective Order, noting that Defendant had never previously raised any challenge to Inspector Parker's confidentiality designations, laying out specifically which portions of Defendant's filing included confidential information, and stating the basis for the assertion of confidentiality. Ex. B at 13. For the avoidance of any doubt about my client's position, undersigned counsel concluded: "Finally, please be advised that if your client chooses to ignore or not abide by my client's confidential designations and in so doing violate the protective order, she will avail herself of any and all legal remedies available to her. Hopefully that will not be necessary." Ex. B at 13.

Plaintiff's counsel also objected to Defendant's mischaracterizations of the Protective Order, noting that Inspector Parker's counsel had properly asserted confidentiality by "notif[ying] all other parties in writing of his intention to designate portions of Vendette Parker's deposition,

4

pursuant to section V.B.," and reminding Defendant that if it desired "to challenge [third-party counsel's] confidentiality designations, it may do so pursuant to the procedures in sections II.D. and IV.B."  Ex. B at 8.  Plaintiff's counsel added that the "suggestion that [third-party counsel] must file his own motion to seal by tomorrow is totally baseless, and in fact contradicts the directions given in the Court's Protective Order."  Ex. B at 8; Protective Order §§ II.D, IV.B, V.B.

Counsel for Defendant responded that he had "considered both [Inspector Parker's and Plaintiff's] perspectives" but had nevertheless decided to "file the full version of Ms. Parker's transcript, minus the pages properly designated by *the District* as confidential" on the public docket.  Ex. B at 12 (emphasis added).  Defendant's counsel proceeded to do so almost immediately thereafter, filing the confidential information that Inspector Parker designated as confidential on the public docket in the form of an "Errata" on February 22, 2024.  Errata to Def.'s Redacted Mot. for Summ. J., ECF No. 55.  In its "Errata" filing, Defendant again acknowledged that it understood that Inspector Parker's counsel "intended to" invoke confidentiality designations under the Protective Order, but asserted that Defendant was unilaterally disregarding those designations and objections after extending "her counsel an opportunity to file, by February 21, 2024, a motion to keep the redacted material under seal," "[a]s a courtesy."  *Id.*

Undersigned counsel  attempted to confer with Defendant's counsel about this motion and asked for a time to jointly call the Court for guidance about how to proceed.  Ex. B at 17.  Defendant refused, stating that it would be a "waste" of "the Court's time" to jointly call chambers about this dispute, and directed counsel to "[f]ile your motions."  Ex. B at 17.

## LEGAL STANDARD

The Court has the inherent power to enforce its orders by holding a disobeying party in contempt.  *Hillman v. Am. Fed'n of Gov't Emps.*, 2020 WL 5763580, at *3 (D.D.C. Sept. 28, 2020)

5

(citing *Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006)).  "In a contempt proceeding, the moving party has the burden of showing by clear and convincing evidence that (1) a court order was in effect, (2) the order required certain conduct by the respondent, and (3) the respondent failed to comply with the court's order."  *United States v. Two Gen. Elec. Aircraft Engines*, 317 F. Supp. 3d 516, 520 (D.D.C. 2018) (quoting *SEC v. Bankers All. Corp.*, 881 F. Supp. 673, 678 (D.D.C. 1995)).  Once the court determines that the movant has made the above three-part showing, the burden shifts to the non-movant to justify the noncompliance.  *Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural Metal & Glass LLC*, 736 F. Supp. 2d 35, 38 (D.D.C. 2010).[1]

A district court has "wide discretion" and "broad equitable powers to craft remedial sanctions for civil contempt."  *Two Gen. Elec. Aircraft Engines*, 317 F. Supp. 3d at 522 (quoting *United States v. Latney's Funeral Home, Inc.*, 41 F. Supp. 3d 24, 36 (D.D.C. 2014)).

In addition, Inspector Parker is a third party whose document production and deposition testimony were compelled under Federal Rule of Civil Procedure 45.  That Rule provides that a party responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  "The court for the district where compliance is required must enforce this duty and impose an

---

[1] Although this Court has previously addressed sanctions for violations of protective orders pursuant to its contempt authority, *see Pigford v. Veneman*, 307 F. Supp. 2d 51, 60 (D.D.C. 2004), a potential alternate source for the authority to sanction a violation of a protective order governing discovery is Federal Rule of Civil Procedure 37(b).  The advisory committee's note to the 1970 amendment of Rule 37 provides that "[t]he scope of Rule 37(b)(2) is broadened by extending it to include any order 'to provide or permit discovery,'" that "[v]arious rules authorize orders for discovery," including Rule 26(c), and that "Rule 37(b)(2) should provide comprehensively for enforcement of all these orders."  Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment; *see also Poliquin v. Garden Way, Inc.*, 154 F.R.D. 29, 31 (D. Me. 1994) ("Discovery orders that can be enforced through Rule 37(b) include protective orders issued under Federal Rule of Civil Procedure 26(c)").

appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.* Defendant not only failed not to impose an undue burden on Inspector Parker in responding to the Rule 45 subpoena; she posits that the Defendant intentionally created an undue burden for her as retaliation for having the audacity to come forward and provide testimony favorable to the Plaintiff in this matter.

## ARGUMENT

### I. Defendant Should Be Ordered to Show Cause Why It Should Not Be Held in Civil Contempt for Its Clear Violations of the Protective Order.

The Protective Order, ECF No. 24, is indisputably "in effect." *Two Gen. Elec. Aircraft Engines*, 317 F. Supp. 3d at 520. The Protective Order provides in the section titled "Confidential Information at Depositions" that:

> All deposition transcripts, exhibits, or information disclosed during a deposition shall be treated as CONFIDENTIAL INFORMATION subject to the Protective Order for ten (10) business days after receipt of each of the transcripts. During that time, any party may designate any part of such material as CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY *by notifying all other parties in writing of such designation*.

Protective Order § V.B (emphasis added). The Protective Order further provides in the section titled "Timing and Classification of Confidential Information" that designation of deposition testimony shall be made "by written notice, sent to all parties within ten (10) days after receiving a copy of the transcript thereof, and . . . by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any CONFIDENTIAL INFORMATION." *Id.* § II.D. Although the parties "shall make a good-faith effort to designate CONFIDENTIAL INFORMATION properly[,] . . . inadvertent or unintentional disclosure by any party of CONFIDENTIAL INFORMATION without any, or the appropriate, classification . . . shall not be deemed a waiver

7

of a party's claim of confidentiality." *Id.* § II.B.  Finally, the Protective Order is explicit that its protections extend to third parties:  "In the event that a party seeks discovery from a third party to this action, that third party may invoke the terms of this Protective Order in writing to all parties to this suit and produce any such discovery in accordance with, and subject to the terms of this Order." *Id.* § X.F.

Here, Inspector Parker properly designated portions of deposition testimony as confidential under the Protective Order by notifying all other parties in writing, 8 days after the deposition occurred and before issuance of a final transcript.  Ex. B at 6.  Once the material was designated confidential, the Protective Order required that such material "shall be filed electronically under seal."  Protective Order § VI.B.  Hence, the Order required that Defendant file those materials under seal.

Defendant clearly violated that Order when it nevertheless filed these materials on the public docket, without regard to (1) Inspector Parker's clear designation, in writing, just days after her deposition; (2) the District's prior motion to seal the same materials; (3) Inspector Parker's counsel's timely confirmation of her continuing designation of the materials before this filing; and (4) repeated invocation of the Protective Order and explicit objections of Inspector Parker and Plaintiff.  Ex. B; *see Two Gen. Elec. Aircraft Engines*, 317 F. Supp. 3d at 520.

Defendant's eleventh-hour argument that the designation was supposedly invalid because of Inspector Parker's counsel's technical failure to email the court reporter, *see* Ex. B at 8–9, is meritless for multiple reasons.

First, it ignores Protective Order § II.B.'s instruction that even if a party in "good faith" fails to "designate CONFIDENTIAL INFORMATION properly," such a failure "shall not be deemed a waiver of a party's claim of confidentiality."

8

Second, Defendant's argument that there was no valid designation is impossible to reconcile with its multiple prior acknowledgements of Inspector Parker's designation to both counsel and the Court. For example, Defendant raised no such objection when confronted with its *prior* publication of the *same* confidential information on the public docket a few months ago, which it then moved to seal. *See* Unopposed Def.'s Mot. Seal Document, ECF No. 49. The Court granted that motion to seal. Min. Order (Oct. 31, 2023).

In addition, Defendant acknowledged on multiple other occasions that Parker at least *intended* to designate the material. On February 15, 2023, for example, Defendant noted that Inspector Parker's counsel had "previously requested that portions of Vendette Parker's deposition transcript be marked confidential" without reference to a supposed failure to contact the reporter. Ex. B. And even in its summary judgment "Errata," Defendant conceded that Inspector Parker "intended to" designate the material as confidential. Errata to Def.'s Redacted Mot. for Summ. J., ECF No. 55. Thus, it is indisputable that Defendant was aware Inspector Parker, a third party, had attempted in good faith to designate certain material, and it simply chose to disregard that designation.

Third, to the extent Defendant elected to challenge that designation, it was required to present the dispute to the Court, rather than rejecting Inspector Parker's designation unilaterally. The procedure laid out in the Protective Order for challenging confidentiality designations states:

> If after conferring in good faith the Parties cannot resolve their dispute informally, the parties will jointly contact chambers pursuant to the procedures of this Court. The receiving party shall have the right to seek leave to file an appropriate motion to the Court to object to the designation.

Protective Order § IV.B. Defendant not only failed to comply with this provision, but it also misrepresented to Inspector Parker's counsel that that she, as a third party, carried the burden to file a motion to seal on its arbitrary timeline. Ex. B at 9.

9

By failing to respect Inspector Parker's designations, as well as the procedure required by the Protective Order to resolve designation disputes, Defendant "adopted an unreasonably narrow interpretation of [portions of the Protective Order], and . . . disregarded [other portions of the Order]. . . .  This 'disclose now, ask for forgiveness later' approach justifies a finding of civil contempt and sanction." *Ross v. Univ. of Tulsa,* 225 F. Supp. 3d 1254, 1269 (N.D. Okla. 2016).

Accordingly, third party Inspector Parker respectfully requests that the Court issue an Order to Show Cause why Defendant should not be held in civil contempt for its misconduct.

### II. Defendant Wrongfully Imposed an Undue Burden on Inspector Parker in Violation of Rule 45.

In addition to being contemptuous, Defendant's conduct also violates Rule 45's mandate that parties issuing subpoenas to third parties must "take reasonable steps to avoid imposing undue burden or expense" on those parties.  Fed. R. Civ. P. 45(d)(1).  "The Rule 45 'undue burden' standard requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties." *Watts v. S.E.C.*, 482 F.3d 501, 509 (D.C. Cir. 2007).  "Burden" in the discovery context includes not only that which is "'measured in the time or expense required to respond to requested discovery,'" but also "'in the adverse consequences of the disclosure of sensitive, albeit unprivileged, material,'" and it is appropriate to "consider 'the burdens imposed on the [responding parties'] privacy and other interests.'" *Korotki v. Cooper Levenson, Apr., Niedelman & Wagenheim, P.A.*, 2022 WL 2191519, at *6 n.9 (D.N.J. June 17, 2022) (quoting *Johnson v. Nyack Hosp.*, 169 F.R.D. 550, 562 (S.D.N.Y. 1996)).

Beyond the confidentiality issue discussed herein, Defendant has also more generally imposed an undue burden upon Inspector Parker in responding to its Rule 45 subpoenas. Defendant failed to take the reasonable steps, or any steps for that matter, required to avoid imposing an undue burden upon Inspector Parker.  As a consequence, she incurred considerable

10

legal fees to defend herself in this matter. As of the time of preparing and filing the within motion, counsel for Inspector Parker has expended approximately 50 hours responding to Defendant's document subpoena, defending her deposition, and engaging in "protracted back-and-forth communications" with Defendant's counsel. *Waldrop v. Johnson City, Tennessee*, 2020 WL 8085147, at *3 (E.D. Tenn. Dec. 23, 2020), *report and recommendation adopted*, 2021 WL 102817 (E.D. Tenn. Jan. 12, 2021). Counsel posits that this amount of time was necessary in light of Defendant's demands and to protect Inspector Parker's interests, but also unreasonable for a third-party witness. This Motion is just another example of Defendant's conduct—Defendant refused to jointly call the Court for guidance on this dispute and instead dismissively told undersigned counsel to "[f]ile your motions," compounding the burden on Inspector Parker. Ex. B at 17. The inordinate amount of time and concomitant expense to respond to Defendant's conduct throughout the discovery process has created undue burdens for Inspector Parker. Under Rule 45, she should be allowed to recover all or a significant portion of those costs from Defendant.[2]

In addition, Defendant's conduct with respect to Inspector Parker's confidentiality designations has been anything but "reasonable"—it has now *twice* published to the public docket confidential information in what appears to be an effort to harass or intimidate Inspector Parker. In both instances, Inspector Parker has incurred significant attorney's fees to defend her interests. Defendant cannot possibly argue that it was unaware of Inspector Parker's designation. Indeed, Defendant successfully moved to seal material that she designated, after her counsel's objections to Defendant's prior disregard of the Protective Order.

---

[2] Counsel is prepared to provide the Court with an affidavit of time and legal fees incurred should the Court agree that Inspector Parker is entitled to be compensated for those costs.

Defendant has taken no apparent steps to avoid unduly burdening Inspector Parker. To the contrary—District counsel demanded that Inspector Parker's counsel take time to detail Inspector Parker's justifications for her designations in writing, only to disregard those explanations and file the materials on the public docket anyway. Ex. B at 12. Similarly, Defendant's purported exploding deadline to file a motion to seal, on very short notice and over a holiday weekend, was not only discourteous—it was contrary to the Protective Order's directions, hence not reasonable or justified. "Motion practice on a compressed timeline or where ultimately unnecessary to the litigation at hand inherently puts more burden on parties and attorneys, and the Federal Rules of Civil Procedure make explicit their purpose to thwart abusive discovery and other litigation practices." *Satanic Temple, Inc. v. City of Bos., MA*, 2022 WL 1028925, at *6 (D. Mass. Apr. 6, 2022), *motion to certify appeal denied*, 2022 WL 20470744 (D. Mass. Apr. 15, 2022); *see also, e.g.*, *Progressive Emu Inc. v. Nutrition & Fitness Inc.*, 785 F. App'x 622, 629 (11th Cir. 2019) (timing considered as a factor in affirming award of attorney's fees for undue burden imposed under Rule 45). In sum, instead of avoiding undue burden, Defendant's conduct appears aimed specifically at burdening, harassing, and intimidating a third-party witness, a clear violation of Defendant's duty under Rule 45. *See Korotki*, 2022 WL 2191519, at *6 n.9.

### III. The Confidential Materials Should Be Filed Provisionally Under Seal.

Inspector Parker respectfully requests that Defendant's "Errata" and attachments be filed provisionally under seal. In light of Inspector Parker's clear and repeated invocation of the confidentiality protections of the Protective Order, Defendant should be required to follow the dispute resolution provision in section IV.B of the Protective Order if it wishes to challenge Inspector Parker's designations. Provisional sealing is justified under the factors laid out in *United States v. Hubbard*, 650 F.2d 293, 317–322 (D.C. Cir. 1980), because Inspector Parker, a third party

witness, has objected to disclosure; the information implicates the privacy interests of both Inspector Parker and other uninvolved third parties; the information has only been made publicly available by Defendant's noncompliance with the Protective Order; and provisional sealing avoids the prejudice to Inspector Parker's right to assert confidentiality under the Protective Order pending the Court's final resolution. Indeed, this Court previously granted a motion to seal some of this same material, so it is inconceivable why it should not have been sealed again here. *See* Unopposed Def.'s Mot. Seal Document, ECF No. 49 (Defendant's motion to seal similar confidential information); Min. Order (Oct. 31, 2023).

### IV. Defendant Should Be Ordered to Pay Third-Party Inspector Parker's Attorney's Fees.

Inspector Parker requests that the Court "impose an appropriate sanction" pursuant to Fed. R. Civ. P. 45(d)(1) in the form of "reasonable attorney's fees" incurred by her, a third-party witness, due to the undue burden imposed on her by Defendant's unreasonable conduct.

Inspector Parker also respectfully submits that it would be appropriate for Defendant to pay her attorney's fees, both under the Court's inherent authority related to its contempt powers and Federal Rules of Civil Procedure 26 and 37 for her counsel's time spent repeatedly urging Defendant to comply with the Protective Order, including through this Motion. *See, e.g.*, *Best Process Sols., Inc. v. Blue Phoenix Inashco USA, Inc.*, 2023 WL 7323327, at *6 (N.D. Ohio Nov. 7, 2023) (finding party in civil contempt for violation of protective order and ordering movant to file petition for fees and costs); *Ravin Crossbows, LLC v. Hunter's Mfg. Co., Inc.*, 2023 WL 6170365, at *7 (N.D. Ohio Sept. 22, 2023) (awarding attorney's fees and costs for violation of protective order); *Ross*, 225 F. Supp. 3d at 1269 (finding party in civil contempt for violation of protective order and ordering movant to file motion for fees and costs); *Landmark Legal Found.*

*v. EPA*, 272 F. Supp. 2d 70, 86 (D.D.C. 2003) ("It is well-established that courts may award attorneys' fees and expenses in conjunction with a civil contempt proceeding.").

## CONCLUSION

For the foregoing reasons, third-party witness Vendette Parker respectfully requests that the Court issue an order requiring Defendant to show cause why it should not be held in civil contempt for violation of the Protective Order. In addition, Inspector Parker moves for Defendant's Errata to be provisionally filed under seal and for reasonable attorney's fees pursuant to both Rule 45 and the Court's inherent authority.

Date:  March 07, 2024                         Respectfully submitted,

                                              */s/ John E. Carpenter*

                                              _____
                                              John E. Carpenter  Bar # 420745
                                              800 Connecticut Avenue NW  Stuie 300
                                              Washington, D.C.  20006
                                              202-997-3377

                                              Attorney for Third Party Witness
                                              Vendette Parker

## CERTIFICATE OF CONFERRAL

Counsel conferred with Defendant's counsel as required by Local Rule 7(m).  the motion is opposed. *See* Ex. B at 17.

## CERTIFICATE OF SERVICE

Counsel filed this motion via the court's CM/ECF electronic filing service and thus all parties of record have been served.

                                              /s/
                                              _____
                                              John E. Carpenter