AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| AMY PHILLIPS<br>*Plaintiff*<br>v.<br>DISTRICT OF COLUMBIA<br>*Defendant* | )<br>)<br>)   Civil Action No. 22-277 (JEB)<br>)<br>)<br>) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Vendette Parker

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: 400 6th Street N.W.<br>Washington, D.C. 20001 | Date and Time:<br>09/21/2023 9:30 am |
|---|---|

The deposition will be recorded by this method: audio/stenographic/video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/14/2023

CLERK OF COURT                                   OR

_____                        /s/ Richard Sobiecki
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* District of Columbia , who issues or requests this subpoena, are:
Richard Sobiecki, 400 6th Street N.W., Washington, D.C. 20001, richard.sobiecki@dc.gov, 202-805-7512

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 22-277 (JEB)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| Amy Phillips | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 22-277 |
| District of Columbia | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Vendette Parker c/o John Carpenter, Esq. (jecindc1@gmail.com) and LaRuby May, Esq. (laruby@mayjung.com)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: the materials listed in Attachment A

| Place: Office of the Attorney General for the District of Columbia, 400 Sixth Street, N.W., Suite 10100, Washington, D.C. 20001 | Date and Time: 04/14/2023 6:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/30/2023

| *CLERK OF COURT* | OR | /s/ Adam J. Tuetken |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* District of Columbia
, who issues or requests this subpoena, are:

Adam J. Tuetken, 400 Sixth Street, N.W., Suite 10100, Washington, D.C. 20001; (202) 735-7474; adam.tuetken@dc.gov

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-277

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:22-cv-00277-JEB   Document 57-1   Filed 03/07/24   Page 6 of 12

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMY PHILLIPS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>**Defendant.** | **Civil Action No. 1:22-cv-00277-JEB** |

## SUBPOENA DUCES TECUM ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the District of Columbia (District) directs these requests for production of documents to Vendette Parker. By close of business April 14, 2023, Ms. Parker should please produce by email or electronic file transfer the requested documents.

## DEFINITIONS

As used here, the following terms shall have the following definitions and meanings:

1. "This lawsuit," "this litigation," and "this action" mean *Phillips v. District of Columbia*, Case No. 1:22-cv-00277-JEB, pending before the United States District Court for the District of Columbia.

2. References to the "Complaint" refer to the Complaint filed in this action on February 2, 2022, and attached to the subpoena as Attachment B.

3. "Plaintiff" refers to Plaintiff Amy Phillips and any of her agents and representatives.

4. "Defendant" refers to Defendant District of Columbia.

5. Information "related to" or that "relates to" a subject is all information that refers

to, embodies, touches upon, or in any way concerns that subject.

6. "Document" means the original and each non-identical copy of any written, typed, printed, recorded, or graphical matter, however recorded, stored, produced or reproduced, or any tangible thing that in whole or in part illustrates or conveys information, including, but not limited to papers, letters, notes, books, correspondence, memoranda, interoffice and intra-office communications, corporate reports or records, memoranda or minutes of meetings or conversations whether personal or telephonic, cablegrams, mailgrams, electronic mail, telegrams, reports, summaries, surveys, analyses, studies, calculations, projections, ledgers and other compilations of data, service reports, service notes, journals and other formal and informal books of record and account, bulletins, notices, photographs, correspondence, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, graphs, statements, notebooks, handwritten notes, records and recordings of oral conversations, work papers, and also including, but not limited to, originals and all copies which are different in any way from the original whether by inter-lineation, receipt stamp notation, indication of copies sent or received, marginal notes, or otherwise, and drafts, which are in your possession, custody or control.

7. "Communications" means every manner of disclosure, transfer, or exchange of information to another person or persons, whether orally, written, electronically (including e-mail, voicemail, voicemail which is delivered by email, text messages, tweet, direct messages, instant messaging, other social media communication, and/or any other form of electronic correspondence or exchange), by document, mail, personal delivery, face-to-face meeting, or otherwise.  All such communications in writing shall include, without limitation, printed, typed, handwritten, or other documents.

8. The term "MPD" refers to the Metropolitan Police Department of the District of

Columbia.

9. The term "FOIA" refers to the D.C. Freedom of Information Act.

## INSTRUCTIONS

1. These requests are continuing in nature. If you obtain additional or different responsive information or documents, including, without limitation, information or documents that render any answer or response false, inaccurate, or incomplete, you must supplement your answers or responses with such information or documents seasonably.

2. Unless otherwise indicated, these requests refer to the time, place, facts, and circumstances surrounding the allegations in the Complaint filed in this action.

3. Unless otherwise stated, the relevant time period for all requests is for documents and communications created or originating on or after October 1, 2017.

4. If you cannot answer fully after conducting a reasonable investigation, please so state and answer to the extent that you can, stating what information you have and the efforts you made to obtain the further information.

5. Your responses must include documents or information in the possession of your agents, representatives, and attorneys, unless privileged or otherwise protected from disclosure. If you contend that documents responsive to a request are privileged or protected from disclosure, please identify the privilege(s) and/or protection(s) asserted and explain the basis for your contention in sufficient detail to allow a reviewing court to determine whether the privilege(s) and/or protection(s) in fact apply under the circumstances.

6. Include in your responses an explanation of the extent to which any response is known or believed to be incomplete, limited, or qualified.

7. If you believe any word, phrase, or other aspect of these requests to be vague or

otherwise not fully comprehensible, promptly contact undersigned counsel to obtain clarification.

8. On each request to which you object, please state the objection, the reason for the objection, and whether and to what extent you are refusing to respond as a result of each objection asserted.

9. Wherever practicable, all electronically stored documents and information should be produced in native format, inclusive of all metadata.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All communications between you and the following individuals: (a) Amy Phillips; (b) Marina Marraco; (c) Denise Krepp; (d) Lorenzo Greene; (e) Benjamin Douglass; (f) Emily Barth; (g) Eric Flack; (h) employees of the American Civil Liberties Union, (i) Michael Perloff, (j) Shana Knizhnik, (k) Kara Brankeisky, (l) Elaine Stamp, (m) Colbert King, (n) Evan Lambert, (o) Theresa Vargas, (p) Martha Bellisle, (q) Charlotte Djossou, (r) Lynne Bernabei, (s) Alan R. Kabat, (t) Kristen Sinisi, and (u) Mitch Ryals.

2. All notes and documents relating to communications between you and the following individuals: (a) Amy Phillips; (b) Marina Marraco; (c) Denise Krepp; (d) Lorenzo Greene; (e) Benjamin Douglass; (f) Emily Barth; (g) Eric Flack; (h) employees of the American Civil Liberties Union, (i) Michael Perloff, (j) Shana Knizhnik, (k) Kara Brankeisky, (l) Elaine Stamp, (m) Colbert King, (n) Evan Lambert, (o) Theresa Vargas, (p) Martha Bellisle, (q) Charlotte Djossou, (r) Lynne Bernabei, (s) Alan R. Kabat, (t) Kristen Sinisi, and (u) Mitch Ryals.

3. All communications and documents relating to this lawsuit or the allegations in the Complaint, including but not limited to, communications involving any of the individuals named above, and in the form of (a) statements or information provided by you to news media

4

outlets, including television, radio, and on-line only platforms; or (b) comments or posts by you on social media.

4. All documents relating to FOIA requests submitted to MPD, including drafts or requests that were never submitted to MPD.

5. All documents, including drafts, and communications relating to the declaration you executed on October 18, 2021, in the matter of *Phillips v. District of Columbia*, No. 2019 CA 4054 B (D.C. Super. Ct.).

6. All communications and documents still in your possession created or received in your role and time as an employee of MPD, including but not limited to emails to or from the email address vendette.parker@dc.gov.

Date: March 30, 2023.

REQUESTS BY:

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Interim Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Adam J. Tuetken*
ADAM J. TUETKEN [242215]
RICHARD P. SOBIECKI [500163]
MATEYA B. KELLEY [888219451]
AMANDA C. PESCOVITZ [1735780][*]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001

---

[*] Admitted to the Bar under D.C. App. R. 46-A (Emergency Examination Waiver). Practicing under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to D.C. App. R. 46-A(d)(2).

Phone: (202) 735-7474
adam.tuetken@dc.gov

*Counsel for Defendant*