UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMY PHILLIPS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>**Defendant.** | No. 1:22-cv-00277-JEB |

**DEFENDANT'S RESPONSE TO VENDETTE PARKER'S
MOTION FOR ORDER TO SHOW CAUSE AND OTHER RELIEF**

On March 7, 2024, third-party witness Vendette Parker moved the Court for an order to show cause why Defendant District of Columbia (the District) should not be held in contempt. Parker Mot. [57]. She designated her motion as an "emergency" motion. *Id.* She requested that the Court enter an order stating that the District "shall show cause by March 15, 2024 why it should not be in civil contempt for violating the Protective Order" and allowing her to reply to the District's opposition brief by March 22. Proposed Order [57-3] at 1.

Based on Parker's request for a briefing schedule, the District understood that it did not need to file an opposition brief unless the Court entered her proposed order. That understanding also comported with the District's understanding of the procedure often used in contempt proceedings. *See In re Sealed Case*, 77 F.4th 815, 834 (D.C. Cir. 2023) ("The district court followed the procedure we have prescribed for imposing a contempt sanction."); Min. Order, *In re Sealed Case*, No. 23-sc-31 (D.D.C. Feb. 2, 2023) (ordering parties, upon receipt of a motion to show cause, to set a briefing schedule).

Based on a call from chambers, the District now understands that the Court needs the District to note its opposition to the motion. The District opposes the motion, and there is no need to begin contempt proceedings. The Court can see for itself that the transcript at issue is not marked confidential, so the District could not have violated the Protective Order by filing it. Errata [55-3]. There is no need to consider the contempt allegations further by entering an order to show cause and inviting further briefing.

Nonetheless, the District is prepared to fully respond to Parker's contempt arguments and defend itself. If the Court needs or requests a full opposition to Parker's allegation of contempt, the District requests that it be permitted to file one by March 29, 2024.[1]

Date: March 22, 2024.                    Respectfully submitted,

                                         BRIAN L. SCHWALB
                                         Attorney General for the District of Columbia

                                         STEPHANIE E. LITOS
                                         Deputy Attorney General
                                         Civil Litigation Division

                                         /s/ Matthew R. Blecher
                                         MATTHEW R. BLECHER [1012957]
                                         Chief, Civil Litigation Division, Equity Section

                                         /s/ Adam J. Tuetken
                                         ADAM J. TUETKEN [242215]
                                         MATEYA B. KELLEY [888219451]
                                         RICHARD P. SOBIECKI [500163]

---

[1] If the Court believes that the opposition brief would be untimely now that two weeks have passed since the filing of Parker's motion, the District respectfully requests leave to file an opposition out of time. *See Sealed Case*, 77 F.4th at 834 (a contempt proceeding requires "an opportunity to be heard"). The District can also file a motion for leave to file out of time if preferred by the Court, explaining that Parker's styling of her motion created a misunderstanding of how to respond. *See* Fed. R. Civ. P. 6(b)(1)(B) (providing for extensions of expired deadlines upon a showing of "excusable neglect").

AMANDA C. PESCOVITZ [1735780][*]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 735-7474
Email: adam.tuetken@dc.gov

*Counsel for Defendant*

---

[*]   Admitted to the Bar under D.C. App. R. 46-A (Emergency Examination Waiver). Practicing under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to D.C. App. R. 46-A(d)(2).