UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMY PHILLIPS,<br><br>  Plaintiff,<br><br>  v.<br><br>DISTRICT OF COLUMBIA,<br><br>  Defendant. | No. 1:22-cv-00277-JEB |

### DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant District of Columbia (the District) respectfully notifies the Court of a decision by the Supreme Court issued after the District filed its summary judgment briefs, *Vidal v. Ester*, 602 U.S. ----, No. 22-704, 2024 WL 2964139 (U.S. June 13, 2024) (attached as Exhibit A). *Vidal* was a First Amendment challenge to trademark law's ban on registering trademarks that use a living person's name without his/her consent (called the "names clause"). *Id.* at *3. The Court unanimously agreed that the names clause was constitutional and—although content-based—was not subject to strict scrutiny. *Id.*; *id.* at *13 (Barrett, J., concurring in part); *id.* at *19–20 (Sotomayor, J., concurring in the judgment).

The Justices differed in their reasoning. A majority reasoned that trademark law has always inherently required content-based distinctions. *Id.* at *6–8 (majority). And the names clause fits within a historical tradition of restricting the trademarking of names. *Id.* at *8–11. This tradition was sufficient to uphold the clause without considering whether First Amendment precedent also supported the clause. *Id.* at *8.

Concurring in part, Justice Barrett would look to both history and First Amendment precedent to divine a generally applicable principle. *Id.* at *13 (Barrett, J.). As to precedent, she

explained that content-based distinctions do not trigger strict scrutiny when "there is no realistic possibility that official suppression of ideas is afoot." *Id.* (internal quotation marks omitted) (quoting *Davenport v. Wash. Educ. Ass'n*, 551 U. S. 177, 189 (2007)). That precedent plus a history of content-based trademark restrictions established a principle that trademark restrictions "are permissible so long as they are reasonable in light of the trademark system's purpose." *Id.* The names clause satisfied that principle. *Id.*

Concurring in the judgment, Justice Sotomayor, joined by Justices Kagan and Jackson, would rely on precedent. *Id.* at *19–20 (Sotomayor, J.). She explained that "[t]his Court has held in a variety of contexts that withholding benefits for content-based, viewpoint-neutral reasons does not violate the Free Speech Clause when the applied criteria are reasonable and the scheme is necessarily content based." *Id.* at *20. She, like Justice Barrett, further explained that the Court has not applied strict scrutiny to content-based classifications "when any 'risk' that such classification 'will impermissibly interfere with the marketplace of ideas' is 'attenuated.'" *Id.* at *21 (quoting *Davenport*, 551 U.S. at 188–89). The names clause satisfied these standards. *Id.* at *25.

*Vidal* bears on this case for three reasons. First, every Justice rejected Phillips's understanding of the First Amendment. Phillips argued that content-based considerations always trigger strict scrutiny except in a few fact-specific situations. Mem. of P. & A. in Supp. of Pl.'s Mot. for Partial Summ. J. (Pl.'s Mot.) [61-1] at 17–21. That was never true. Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. (Def.'s Mot.) [55-1] at 15–16; Def.'s Combined Opp'n to Pl.'s Mot. (Def.'s Opp'n) [71] at 3–4. But now, every Justice agrees that content-based considerations do not always trigger strict scrutiny, and whether the law inherently requires

content-based considerations informs whether it should be subject to strict scrutiny. *Vidal*, 2024 WL 2964139, at *6; *id.* at *13, *15 (Barrett, J.); *id.* at *21–23 (Sotomayor, J.).[1]

Second, although the Justices took different approaches to determine whether a content-based classification was constitutional, each approach supports the District, starting with the majority's. Since its inception, FOIA—like trademark law—has "inherently" required differential treatment of requests based on their content. Def.'s Opp'n at 4; *accord Vidal*, 2024 WL 2964139, at *6–8. Yet, courts have upheld and enforced FOIA's differential treatment without ever suggesting that FOIA cannot "coexist[ ] with the First Amendment." *Vidal*, 2024 WL 2964139, at *6; *see, e.g.*, *Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 68–69 (D.D.C. 2016) (rejecting FOIA policy-or-practice claim based on White House review policy for sensitive FOIAs); *Env't Integrity Project v. EPA*, 177 F. Supp. 3d 36, 40 (D.D.C. 2016) (Boasberg, J.) ("[N]ot all requests for records must be honored, as FOIA also provides exemptions from compelled disclosure." (internal quotation marks and citation omitted)), *aff'd*, 864 F.3d 648 (D.C. Cir. 2017).

Third, the concurrences' approaches also support the District. The District relied on the same precedent and principle as the concurrences to explain that the Metropolitan Police Department (MPD)'s processing of Phillips's FOIA requests did not rise to a First Amendment violation, even if the Court concludes that MPD made content-based distinctions. *Compare*

---

[1] Phillips argued that this Court held at the motion-to-dismiss stage that content-based Freedom of Information Act (FOIA) policies trigger strict scrutiny. Pl.'s Mot. at 17. But the Court's opinion did not undertake an analysis of how the content neutrality doctrine applies in the FOIA context. *Phillips v. District of Columbia*, No. 22-cv-277, 2022 WL 1302818, at *7 (D.D.C. May 2, 2022). It simply held that the Complaint's allegations (which alleged a different policy from the one Phillips argues in her motion for partial summary judgment) stated a claim. *Id.* Regardless, the Court is not bound to such an interlocutory order, *Wye Oak Tech., Inc. v. Republic of Iraq*, 24 F.4th 686, 698 (D.C. Cir. 2022), and can refine its thinking in light of *Vidal*, a complete record, and full treatment of the issue, *see* Def.'s Mot. at 15–16; Def.'s Opp'n at 3–6.

Def.'s Mot. at 15–16, 26–27, *and* Def.'s Opp'n at 3–6, 17–20, *with Vidal*, 2024 WL 2964139, at *13, *15–16 (Barrett, J.), *and id.* at *21–23 (Sotomayor, J.).  That is, if FOIA requests are protected speech, then FOIA is a "necessarily content based" "scheme," yet the challenged "criteria" in this case (high profile and sensitive) "are reasonable"—as even Phillips's star witness agreed.  *Vidal*, 2024 WL 2964139, at *20 (Sotomayor, J.); *see, e.g.*, Def.'s Mot. at 26–27.  Moreover, MPD's processing here "did not prevent [Phillips] from communicating [her] message."  *Vidal*, 2024 WL 2964139, at *24 (Sotomayor, J.); *see, e.g.*, Def.'s Opp'n at 17.

Notably, Justice Thomas, joined by only two Justices, tried to cabin the cases relied on by the concurrences and the District to their facts.  *Vidal*, 2024 WL 2964139, at *12 (Thomas, J., joined by Alito & Gorsuch, JJ.).  But six Justices refused to get on board.  *See id.* at *13 (Kavanaugh, J., concurring in part); *id.* at *16 n.2 (Barrett, J.); *id.* at *23 n.2 (Sotomayor, J.).  As Justice Sotomayor persuasively explained, Justice Thomas "misses the entire point" because the "underlying legal principle" in all these cases is the same.  *Id.* at *23 n.2 (Sotomayor, J.).

Like Justice Thomas, Phillips tries to cabin some of the same cases to their facts.  Pl.'s Mot. at 18–19.  But like six Justices, and for the reasons given by Justice Sotomayor, the Court should find her cabining unpersuasive.  It is immaterial whether FOIA factually mirrors each government program in the Supreme Court's prior cases.  What matters is the underlying principle in those cases, this one, and now *Vidal*: content-based considerations can coexist with the First Amendment when there is no censorship.  *See* Def.'s Opp'n at 3–4, 17; *Vidal*, 2024 WL 2964139, at *13 (Barrett, J.); *id.* at *21–23 (Sotomayor, J.).  But there was no censorship here.  *E.g.*, Def.'s Mot. at 5–7, 17–27, 31–33; Def.'s Opp'n at 6–25.

Date: June 18, 2024.                                   Respectfully submitted,

                                                       BRIAN L. SCHWALB
                                                       Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Adam J. Tuetken*
ADAM J. TUETKEN [242215]
MATEYA B. KELLEY [888219451]
RICHARD P. SOBIECKI [500163]
AMANDA C. PESCOVITZ [1735780][*]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 735-7474
Email: adam.tuetken@dc.gov

*Counsel for Defendant*

---

[*] Admitted to the Bar under D.C. App. R. 46-A (Emergency Examination Waiver). Practicing under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to D.C. App. R. 46-A(d)(2).